MERTON F. ELLIS *vs.* CHARLES S. PIERCE.

Plymouth.   October 19, 1898. — November 23, 1898.

Present: FIELD, C. J., KNOWLTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Admission — Weight of Evidence — Negligence —
Question for the Jury.*

In an action for personal injuries occasioned to the plaintiff while in the defendant's
employ, there was evidence of the plaintiff's mother that the defendant said to
her, " I do not want to tell you to sue me, but if it was me I should sue. . . .
My machines are all insured, and you will have to sue me to get at the insurance
company." *Held,* that the sentence in which he indicated an opinion that he
was liable was in the nature of an admission which was evidence against him;
but the weight of it might be affected by the fact, if it was a fact, that he was
insured.

Where, in an action for personal injuries occasioned to the plaintiff while in the
defendant's employ, the testimony of the plaintiff was not clear in support of
the contention that the defendant failed to perform the duty of keeping the
machinery in a condition safe for his employees to work upon it, but some
things in his testimony had a slight tendency in that direction, the court said
that, considering this testimony in connection with certain admissions of the
defendant tending to show his liability, it was of opinion that the case was
rightly submitted to the jury.

TORT, for personal injuries occasioned to the plaintiff while
working in the defendant's employ upon a moulding machine,
moulding out box toes.   The declaration contained two counts,
one under the employers' liability act, St. 1887, c. 270, and
the other at common law.   At the trial in the Superior Court,
before *Maynard,* J., the jury returned a verdict for the plain-
tiff; and the defendant alleged exceptions, which appear in the
opinion.

*F. M. Bixby,* for the defendant.

*H. Kingman,* for the plaintiff.

KNOWLTON, J.   The plaintiff's mother testified, without ob-
jection, that the defendant said her son was a good workman,
and that " his getting hurt was not due to any carelessness of
his, and that he was a very steady fellow and attended to his
business."

The evidence of the plaintiff's mother that the defendant said
to her, " I do not want to tell you to sue me, but if it was me I

should sue. . . . My machines are all insured, and you will have to sue me to get at the insurance company," was competent. What he said about insurance was immaterial. But the statement came as a part of a sentence in which he indicated an opinion that he was liable for the injury to the plaintiff. This was in the nature of an admission which was evidence against him. The weight of it may be affected by the fact, if it was a fact, that he was insured.

There was evidence tending to show that the plaintiff was in the exercise of due care. The only other question in the case is whether there was any evidence of negligence on the part of the defendant. A part of the plaintiff's testimony tended to show that the accident was caused by the slipping of a belt on a pulley. He testified that the belt would sometimes slip, which would occasion the upper part of the machine to come down on the moulder quickly; that he had called the attention of the superintendent to it two or three times, and that he tightened the belt once. The tightening of the belt, if it was too loose, seems to have been a part of the work which devolved on the defendant in the performance of his duty to keep the machinery in a safe condition. The testimony of the plaintiff was not clear and definite in support of the contention that the defendant failed to perform this duty, but some things in his testimony had a slight tendency in this direction. When we consider this testimony in connection with the admissions of the defendant tending to show his liability for the injury, we are of opinion that the presiding justice rightly submitted the case to the jury.

*Exceptions overruled.*