## JAMES T. STANLEY V. CHARLES CORE, Appellant.

Breach of Warranty: EVIDENCE: VERDICT.    Defendant assigned
1    to plaintiff a note for $901, which was secured by a second mortgage on land that defendant represented to be of the value of both mortgages.    In an action for breach of warranty of the value of the land, the jury returned a verdict for the full amount of the note, but it was reduced by the court to $695.    Under the evidence the verdict was held not excessive.

Objection to Evidence: PRESUMPTION: APPEAL.    Unless the con-
2    trary appears, an answer, on appeal, will be presumed responsive to the question, and unless objection to the question is made it should not be stricken.

Reduction of Verdict: PRACTICE.    Reduction of a verdict should
3    be by remittitur, as a condition to denial of a new trial, and not by direct order of court.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

TUESDAY, FEBRUARY 3, 1903.

ACTION for damages.    Judgment for plaintiff, and the defendant appeals.—*Affirmed.*

*Bolton, McCoy & Bolton* for appellant.

*J. C. Williams* and *B W. Preston* for appellee.

VOL. 119 IOWA.—27.

LADD, J.—In March, 1898, the plaintiff exchanged a livery barn, with stock, of the estimated value of $2,500, subject to an incumbrance of $900, to the defendant for a note of $901.33, executed by one Blakely, secured by a second mortgage on a quarter section of land in Oklahoma, and the difference in cash. The plaintiff testified that, to induce the trade, defendant said that he would guarantee the mortgage to be as good as money, and represented the land to be worth $35 or $40 per acre. The defendant admitted saying that the land was worth both mortgages, and doing what he could to make plaintiff, whom he knew to be without personal knowledge, believe the note and mortgage good. He denied, however, having made any guaranty, and testified that the plaintiff was to take the note without recourse. No exception is taken to the instructions of the court, but it is insisted that the verdict is contrary thereto. The court instructed the jury that, "if the true value of the land was sufficient to protect the security of the note received by the plaintiff from defendant, then the plaintiff cannot recover"; but, if not sufficient he should be allowed "such an amount as would place him in the same position as he would have been if such land or security was sufficient in value to protect such lien," with interest. The jury returned a verdict of $901.33, with interest from date of the trade. On moti n for new trial the court held the verdict to be excessive, ordered a credit of $320 thereon, and rendered judgment for $695.97. The jury also found specially that defendant warranted the land to be equal in value to both mortgages.

Assuming, then, that there was such a warranty, let us inquire whether the verdict was excessive. The evidence showed that foreclosure proceedings had been begun

1. BREACH of warranty: evidence: verdict.

on the first mortgage in January, 1898, and that it amounted t_o $1,052.55 May 7th following. Decree was entered in October of that

year, and a sale had in May 1899, followed by the execution of a sheriff's deed. The costs of foreclosure were $124.60, and the taxes paid immediately after the foreclosure amounted to $179.75, making in all an expense of $1,356.90 which plaintiff would have been compelled to have paid in order to have redeemed and obtained title to the land under his mortgage. How much more than this was the land worth? for this is the measure of plaintiff's security. Drennon estimated its value at $1,600, and again at one-third less than $2,000. Core testified it could not be bought for $2,000. It will thus be seen that, if the jury accepted the estimate of Drennon, the security of plaintiff's note was trifling, and any excess would, in all probability, be offset by the accumulation of interest and the expense likely to be incurred by him in protecting it. However, the court ordered a credit of $320, and thereby reduced the amount to near the sum to which plaintiff was entitled had defendant's valuation of the land been accepted. We think the verdict so sustained by the evidence as not to indicate any passion, and that, if excessive, a sufficient reduction was made by the district court.

II. The assignment of the note introduced contained no condition that it was without recourse. Whether the note was so indorsed does not appear. For these reasons the fifth instruction requested by defendant was properly refused. The distance from the land to the nearest railroad station was a mere circumstance bearing on its value, and not necessarily the subject of a separate instruction.

III. It appeared that defendant obtained the note from Valentine and Jackson; that the day after the trade he sold the livery barn and stock to the former. Plaintiff 2. OBJECTION had refused to sell to Valentine, and the latto evi ence: ter had employed one Farmer to negotiate the presumption: appeal. trade between Core and Stanley. Farmer, in the course of his testimony, stated that Valentine had said that he allowed defendant $100 for his interest in the

mortgage.    Defendant's motion to strike this out was overruled.    The question to which it was an answer is not set out.    In the absence of any showing to the contrary, it must be assumed to have been responsive to a proper question.    If so, objection should have been made to the question.    A party may not wait for the answer, and then move for its exclusion should it prove unsatisfactory. *State v. Marshall*, 105 Iowa, 38.

IV.    The defendant appeals from the order reducing the verdict by the court.    Doubtless this was improper, and, instead the filing of a remittitur by the plaintiff, should

3. REDUCTION of verdict: practice.

have been made a condition to the denial of the motion for new trial.    *Noel v. Railroad Co.*, 44 Iowa, 293.    But defendant now insists that a new trial is not what he wants.    As he is not willing to accept the probable consequences of his appeal, he must be deemed to have waived its consideration.—AFFIRMED.