STATE OF IOWA, Appellee, v. JOHN RICHMOND, ALIAS JOHN REICHMAN, Appellant.

**Criminal law:** EVIDENCE: ADMISSIONS. On a prosecution for breaking and entering a freight depot the implied admissions of defendant made to the company's agent in attempting to avoid a criminal prosecution, and not in settlement of any civil liability, are admissible against him.

**Breaking and entering:** EVIDENCE. Proof that defendant rolled back a door to the freight house which was closed, entered and took the property, will support a charge of breaking and entering.

**Punishment.** A sentence of three years and nine months is not an excessive sentence for breaking and entering a freight depot, when there was neither excuse nor palliating circumstances, except an offer to return the stolen property.

*Appeal from Clayton District Court.*— HON. A. N. HOBSON, Judge.

THURSDAY, JUNE 4, 1908.

DEFENDANT was indicted, tried, and convicted of the crime of breaking and entering, and from a judgment sentencing him to imprisonment for the term of three years and nine months he appeals.— *Affirmed.*

*G. H. Schulte, Preston & Fletcher,* and *E. E. Bowen,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

DEEMER, J.— The State claims that defendant broke and entered the freight house of the Chicago, Milwaukee & St. Paul Railroad Company, at North Buena Vista in Clayton county, Iowa, and took therefrom some tobacco. In support of its claim it was permitted, over defendant's objections, to show that after the crime was committed defendant went to the station agent of the railway company, and, quoting from the record: " He says: ' You can settle this without letting the company know anything about it.' And I says: ' I would look damn pretty settling anything like that.' I wasn't put there for that business. ' Well,' he says, ' it don't amount to much.' I could go up to Sawyers, he could go up to Sawyers, and buy another butt of tobacco, or I could send away and get one. He would see that I would not be anything out by the deal. I told him: ' No, I couldn't do anything like that.' He says, or begged me to settle it. I says ' I could not see anything that way.' There had been so much of that going on down there, there would have to be an example made of somebody, and I did not know but what he was as good material as any one else. Then he got kind of brave. He says: ' It wouldn't amount to anything anyhow. It would just be a petit case.' I says: ' I don't know anything about law, but,' I says, ' there was a stamp on those goods, and I don't know whether that makes any difference or not. The way I understand law I reckoned a stamp would be some offense.' He says: ' No, it wouldn't.' He was persisting two or three times to settle it. Then he walked away."

I. Complaint is made of the ruling because it is said that the implied admissions of the defendant were made as an

1. CRIMINAL LAW: evidence: admissions.

offer of compromise and were therefor inadmissible. Defendant was not offering to settle any civil liability, but evidently was trying to suborn the

witness, or to compound a felony. Surely his admissions in so doing were admissible against him. The rule upon which counsel relies is not applicable to criminal cases. *State v. Soper,* 16 Me. 293 (33 Am. Dec. 665). The cases upon which reliance is placed are not in point. *State v. Lavin,* 80 Iowa, 555, was a civil suit, a bastardy proceeding. *State v. Nugent,* 134 Iowa, 237, was a criminal case, but the offer of compromise was of a civil suit for damages. *State v. Emerson,* 48 Iowa, 172, was a criminal case, but the offer of compromise was of a civil suit. In the case now before us no civil suit was pending, nor was one threatened. Indeed, there was no offer of compromise made by defendant for the purpose of settling his civil liability. The evidence was clearly admissible.

II. It is said there is no testimony tending to show a breaking and entering, and that defendant's crime, if any, was simple larceny, or larceny from a building without break-

2. BREAKING AND ENTERING: evidence. ing. In this contention there is no merit. There is ample evidence to show that defendant rolled back a door to the freight house which was closed, and through the opening so made entered the depot and took the tobacco.

III. Lastly, it is argued that the sentence is excessive. We do not think so. It was for three years and nine months. The maximum in such cases is ten years. Defendant of-

3. PUNISHMENT. fered no excuse for his crime, and there are no palliating circumstances, save that he offered to replace the tobacco. This, of course, is no excuse or justification. No reason appears for interfering with the discretion of the trial court.

No error appears, and the judgment must be, and it is, *affirmed.*