GERTRUDE MIELKE *vs.* JOHN DOBRYDNIO.
CHARLES E. MIELKE *vs.* SAME.

Hampshire.    January 17, 1923. — February 26, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence,* Competency, Hearsay, Admission. *Practice, Civil,* Request for rulings, Exception. *Negligence,* In use of highway.

A physician testifying at the trial of an action brought by a woman for personal injuries resulting from a collision on a highway, used notes on a "call slip" to refresh his recollection and stated in direct examination that the plaintiff suffered from a concussion of the spine. On cross-examination he was asked whether the memorandum mentioned "anything about the spine." He answered, "In making notes, I cannot fill out every word on the small piece of paper, a small piece of paper like this, and I always abbreviate. Naturally concussion would be of the spine; it could not be of the leg or arm. She was thrown on her back, and concussion —" The defendant's counsel then interposed: "I ask your Honor to strike out that, I ask to have 'She was thrown on her back' excluded." The trial judge replied, "No; I will not strike it out." The defendant excepted. *Held,* that

   (1) It could have been found that the witness was testifying from his recollection of what he saw upon his examination of the plaintiff, and that his statement was based upon his personal knowledge derived from her appearance and condition and was not merely hearsay;

   (2) The answer was not objected to as unresponsive and therefore the exception to it could not be sustained on that ground;

   (3) The exception must be overruled.

At the trial of an action by a woman for personal injuries, a witness, not qualified as an expert, in testifying as to the effect of the injuries upon the plaintiff, may be asked "What did you notice about her [the plaintiff's] appearance as to pain?" and in answer may state the result of his observation, although it involves in some measure his opinion or judgment.

A police officer, called to the scene of a collision between an automobile and a horse and wagon which was the basis for an action of tort for personal injuries, in relating at the trial of that action a conversation which he then had with the defendant, stated, "He said he was at fault; that the snow had covered his wind shield so he could not see the road, and that was the reason he got on the left hand side. He also said he would go down and make things all right the next

day." The defendant moved to strike out the words "He also said he would go down and make things all right the next day," and the motion was denied. *Held*, that the motion properly was denied, the entire statement being evidence of a statement in the nature of an admission by the defendant, and the portion objected to not being in its setting an offer of compromise.

No exception will be sustained to the refusal of a judge to grant requests for rulings based upon fragmentary portions of the evidence.

An exception not argued is treated as waived.

TWO ACTIONS OF TORT, the first action being for personal injuries sustained in a collision on Holyoke Street in Easthampton on November 24, 1920, between a horse and wagon which were owned by the plaintiff's husband, the plaintiff in the second action, and which she was driving, and an automobile owned and operated by the defendant; and the second action being by the husband for damage to the horse and wagon and consequential damages due to the injury to his wife. Writs dated November 27, 1920.

In the Superior Court, the action was tried before *Aiken*, C. J. One Clarence I. Sparks, a physician called by the plaintiffs, in cross-examination was questioned relating to his testimony that the plaintiff in the first action had suffered from concussion of the spine as a result of the injury, and was asked whether a memorandum "call slip," which he was using to refresh his recollection, mentioned "anything about the spine." He answered, "In making notes, I cannot fill out every word on the small piece of paper, a small piece of paper like this, and I always abbreviate. Naturally concussion would be of the spine; it could not be of the leg or arm. She was thrown on her back, and concussion — " The defendant's counsel interposed: "I ask your Honor to strike out that, I ask to have 'She was thrown on her back' excluded." The trial judge replied, "No; I will not strike it out." The defendant excepted.

Other material evidence and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the first action in the sum of $700; and for the plaintiff in the second action in the sum of $250; and the defendant alleged exceptions.

The cases were submitted on briefs.

*R. P. Stapleton & T. H. Stapleton,* for the defendant.

*J. L. Lyman & D. A. Foley,* for the plaintiffs.

CROSBY, J. These are two actions of tort: the first, to recover for personal injuries; the second for injuries to the plaintiff's horse and damage to his wagon, and for consequential damages arising from injuries to his wife (the plaintiff in the first action), who will hereafter be referred to as the plaintiff.

The actions grew out of a collision between a horse and wagon driven by the plaintiff and an automobile operated by the defendant. The accident occurred on the evening of November 24, 1920, at a time when it was dark and was snowing. There was evidence that the plaintiff was driving along the highway on the right side of the road in the direction in which she was travelling; that a lighted lantern was attached to the left side of the seat; that the defendant, running his automobile in the opposite direction at a fast rate of speed, was approaching the team, and when about three hundred yards away turned to his left and soon after ran into it. The defendant testified that he was operating his machine at a speed of about ten miles an hour; that he saw the wagon about twenty-five feet away; that he sounded his horn and applied the brake; that the horse jumped across his path, and that in turning to the left to avoid an accident, his car skidded; that there was no light on the wagon. There was ample evidence offered by the plaintiff to warrant a finding that she was in the exercise of due care and that the defendant was negligent. The exceptions relate to the admission of evidence, to the refusal of the judge to give certain instructions, and to a portion of his charge.

The physician who attended the plaintiff on the night of the accident was called as a witness, and on cross-examination by the defendant's counsel said that "She was thrown on her back;" he testified from notes on a slip of paper, which apparently he was using to refresh his recollection, and it could have been found that he was testifying from his recollection of what he saw that night upon his examination of the plaintiff, and that his statement was based upon his personal knowledge derived from her appearance and condition and was not merely hearsay. The answer was not objected to as unresponsive and therefore the exception to it cannot be sustained on that ground. *Gagnon* v. *Sperry & Hutchinson Co.* 206 Mass. 547, 557.

A witness (not qualified as an expert) was asked: "What did you notice about her [the plaintiff's] appearance as to pain?"

This question was admissible. A witness may state the result of his observation, although it involves in some measure his opinion or judgment. *Commonwealth* v. *Sturtivant,* 117 Mass. 122. *Partelow* v. *Newton & Boston Street Railway,* 196 Mass. 24, 31. *Jenkins* v. *Weston,* 200 Mass. 488, 493. For the same reason the questions "Since the accident, has she been able to do her work?" and "How does she sleep?" were admissible. *Parker* v. *Boston & Hingham Steamboat Co.* 109 Mass. 449.

The chief of police of Easthampton, who was called to the place of the accident soon after it happened, was asked to relate a conversation had with the defendant, and testified: "He said he was at fault; that the snow had covered his windshield so he could not see the road, and that was the reason he got on the left hand side. He also said he would go down and make things all right the next day." The defendant excepted to the refusal of the trial judge to strike out the words "He also said he would go down and make things all right the next day." The recital of what the defendant said to the effect that he was at fault was in the nature of an admission, which was evidence against him. *Ellis* v. *Pierce,* 172 Mass. 220. *Eldridge* v. *Barton,* 232 Mass. 183, 186. The statement that he would go down and make things all right the next day, taken in connection with the whole conversation was not an offer of compromise. *Snow* v. *Batchelder,* 8 Cush. 513. See also *Snow* v. *New York, New Haven & Hartford Railroad,* 185 Mass. 321, 323.

The remaining exceptions to the admission of evidence need not be considered at length; we are of opinion that they cannot be sustained.

The judge correctly instructed the jury respecting the issues involved; the requests for rulings were covered by the charge so far as they properly could have been given; the judge was not required to give requests for rulings based upon fragmentary portions of the evidence. *Hunt* v. *Boston Terminal Co.* 212 Mass. 99, 101. *Ayers* v. *Ratshesky,* 213 Mass. 589, 593. The exception to a part of the instructions given has not been argued and is treated as waived.

As we find no reversible error in the conduct of the trial, the entry must be

*Exceptions overruled.*