JAMES R. WISEMAN, administrator, *vs.* HENRY ROME.

Worcester.    November 11, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Agency*, Existence of relation, Scope of authority. *Evidence*, Admission, Of agency.

Where, at the trial of an action of tort by an administrator against the owner of a motor truck for causing conscious suffering and the death of the plaintiff's intestate, there was evidence that the accident to the plaintiff's intestate occurred while the truck was being driven by the defendant's son; that the defendant's surname was on the truck; and that the defendant arrived at the scene of the accident shortly after it occurred and said to a police officer, who had stated that he was going to place the defendant's son, who was drunk, under arrest, that he owned the truck, that he wished to take his son home, that he would make good anything the son had done, would give $1,000 to be allowed to take the son home, that the son had a right to drive the car, and that he, the defendant, would "make everything all right." *Held*, that

(1) The question, whether the defendant's statements were made with reference solely to securing the son's release, was for the jury;

(2) A finding was warranted that the defendant assumed responsibility for the injury to the plaintiff's intestate, and from such finding an inference was warranted that the son was the defendant's agent and engaged in his business at the time of the collision and that it resulted from his fault;

(3) The evidence was not objectionable as being an offer of compromise.

TORT for causing conscious suffering and the death of John Wiseman, the plaintiff's intestate, who was run into by a motor truck owned by the defendant and driven by his son on November 11, 1918. Writ dated June 25, 1920.

In the Superior Court, the action was tried before *Thayer,* J. Material evidence is described in the opinion. The jury found for the plaintiff in the sum of $1,500 and the judge reported the action to this court for determination.

The case was submitted on briefs.

*J. F. McGrath* & *J. J. MacCarthy,* for the defendant.

*F. P. McKeon,* for the plaintiff.

CARROLL, J. This action of tort to recover damages for the conscious suffering and death of John Wiseman, who was run into by an automobile truck owned by the defendant and operated by his son, Michael Rome, comes to this court on a report, the sole question being, was there " sufficient evidence of agency of Michael Rome to justify submission to the jury of this action "? The action was tried with another by the same plaintiff, against Michael Rome, for damages growing out of the same accident.

There was evidence that the name " Rome " was on the truck; that a short time after the collision the defendant was present at the place of the accident and said to a police officer, who had stated he was going to put Michael under arrest, that "he owned the truck, that he wanted to take Michael home," and "would make good anything he [Michael] had done"; that he "would give a thousand dollars to be allowed to take him home, and make everything all right"; that Michael "was his boy," and had a right to drive the car; and that he, the defendant, would assume all responsibility. There was evidence that Michael was asked "where he was bound for," and answered, "he was going on a job" and testimony tending to show that Michael was drunk and was put under arrest. The statements of the father that he assumed responsibility, that he would "make good" and pay money, may have been made with reference to securing the boy's release. This, however, was a question for the jury. They could have found that the defendant assumed responsibility for the injury to the plaintiff's intestate, and from this it could be inferred that Michael was his agent and engaged in his business at the time of the collision and that it resulted from his fault. From the defendant's admission of responsibility it could have been found that he

admitted his liability for the agent's acts, and that the acts of the agent were authorized. This evidence was not an offer of compromise, it was in the nature of an admission, and for this reason could be considered by the jury. *Ellis* v. *Pierce,* 172 Mass. 220. *Eldridge* v. *Barton,* 232 Mass. 183, 186. *Mielke* v. *Dobrydnio,* 244 Mass. 89, 92. *Dennison* v. *Swerdlove, post,* 507.

As there was evidence sufficient to warrant the court in submitting the case to the jury on the question of agency, according to the terms of the report judgment is to be entered for the plaintiff in the sum of $1,500.

*So ordered.*