E. F. LEWIS, Appellee, v. FARMERS GRAIN COMPANY OF CAMBRIDGE, Appellant.

No. 41034.

144

Lee, Steinberg & Walsh, for appellants.
Welty, Soper & Welty, for appellee.

WAGNER, C. J.—The note in suit bears date December 24, 1923, and was due according to its terms one year thereafter. The defendant is a corporation. The note was executed and delivered by the corporation to J. P. Lee, who was one of the directors thereof. At the time of the execution of the note, the corporation was in financial straits, and various notes were executed by the corporation to some of its officers or stockholders for money advanced, or to be advanced by them. Among the notes executed on the aforesaid date was the note in controversy. It is apparent that it was the belief of the officers, at that time, that an assessment might become necessary as against the stockholders of the corporation. The note contains the following provision: "To apply on assessment, if assessment is necessary." On the back thereof appears the following endorsement: "Pay to the order of E. F. Lewis. J. P. Lee."

The plaintiff, in his petition, alleges that he is the owner and holder of the note. The defendant, in its answer, admits the execution and delivery of the note to J. P. Lee, but alleges that said note is without consideration, and that the consideration for the same has wholly failed. It further alleges that the plaintiff acquired said note long after maturity and asks that plaintiff's petition be dismissed. The defendant also pleads as

an offset that the note is non-negotiable; that prior to the time the same was transferred to the plaintiff, the defendant extended credit to the payee, J. P. Lee, by selling him goods and merchandise of the reasonable worth and value of $135.19 as set out in the itemized statement of the account thereto attached, and prays that said sum may be allowed as an offset against any claim which the plaintiff may have against the defendant on the note.

The appellant urges as error the fact that the court submitted the case to the jury for determination, the rulings of the court on introduction of certain testimony, the overruling of plaintiff's motion for a new trial, and that the court erred in the instructions given to the jury, which will now be considered.

 Did the court err in submitting the case to the jury for determination? It is shown that, at the time of the execution and delivery of the note to Lee, he gave to the defendant-corporation his check on the First National Bank of Cambridge for $500.00. It is quite clear that there was no lack or want of consideration for the note. If this check was thereafter paid, then there was neither want nor failure of consideration for the note. The evidence for the plaintiff is to the effect that the check was subsequently paid and delivered by an officer of the bank to Lee. Lee testified that since the time when he received the check, paid by the bank, the check has been burned. There is no claim by the defendant-corporation that the check was protested for nonpayment. The officers of the defendant-corporation testify, in substance, that, after they deposited the check with the bank, they did not receive the check from the bank and deliver it to Lee. It is unnecessary to set out or refer to all of the testimony upon this question. While there is testimony in support of appellant's claim that the check was not honored nor paid, the most that can be said on this proposition is that the evidence is in conflict, and presented a disputed question of fact for determination by the jury. The credibility of the witnesses upon this question is for the jury. The appellant did not move for a directed verdict. It raises the question in its motion for a new trial, urging that the court erred in submitting this question to the jury, and that the verdict is not sustained by the evidence and is the result of passion and prejudice. The verdict was in favor of the plaintiff. We detect nothing in the record indica-

146

tive of passion and prejudice on the part of the jury. It is sufficient to say that there is ample evidence in the record in support of the findings of the jury on this question.

It is shown by the record that Lee owned forty shares of stock in the First National Bank of Cambridge, which closed its doors and the assets of which passed into the hands of a receiver May 10, 1926. On rebuttal, Lee was asked whether in 1923, 1924 and 1925 he was loaning the bank money for the purpose of swelling the assets to keep it going, and, over the objection by the defendant, which was overruled, answered in the affirmative. He was further asked as to what property he had when he gave the $500 check, and, over appellant's objection, which was overruled, answered that he owned 80 acres of land and quite a bit of stock. An examination of the record discloses that the substance of Lee's answers to the aforesaid questions is otherwise in the record without objection by the appellant. Therefore, we need not and do not determine whether said testimony is admissible; for it is quite apparent in this state of the record that the rulings of the court on the questions propounded and the answers given, could not have been and were not prejudicial to the appellant. See Legler v. Muscatine Clinic, 207 Iowa 720.

Lee was then asked: "Q. Was there any mortgage on the farm? A. No, sir. Q. Farm was clear? A. Yes, sir. Q. Belonged to Jake Lee? A. Yes, sir." At this point the record shows that the appellant made the following motion: "We move to strike the answer as incompetent, irrelevant and immaterial." The motion to strike was overruled. The motion refers to *answer*. This signifies that the motion struck at the last answer given,—that is, that the farm belonged to Jake Lee, otherwise known in this record as J. P. Lee. As hereinbefore stated, the record discloses that testimony of like nature was received in evidence without objection. Moreover, it will be noted that no objection was made to the questions propounded and last above referred to. It is not shown by the record that the answers came so quickly that the appellant did not have time to make an objection.

It is the repeated pronouncement of this court that a party cannot be permitted to wait for an answer which is responsive to the question and then, if unsatisfactory, ask that it be stricken from the record. See Murphy v. McCarthy, 108 Iowa

38; Tuttle v. Wood, 115 Iowa 507; Stanley v. Core, 119 Iowa 417; State v. Marshall, 105 Iowa, 38; Omaha Beverage Company v. Temp Brew Company, 185 Iowa 1189. There is no merit in appellant's complaints at this point.

The plaintiff, in his petition, asked for judgment on the note for $645.00 and interest thereon at 6 per cent from October 24, 1929. The defendant makes no contention that there was not that sum due thereon according to its terms. The court fully instructed the jury relative to defendant's claim on the account against J. P. Lee, the payee of the note, in the sum of $135.19. The jury found for the plaintiff in the sum of $526.77, and the judgment is for said amount. It is apparent that the jury found against the defendant on its claim of want and failure of consideration, and for the defendant and against the plaintiff on the account against Lee. The court in one of the instructions told the jury:

"If you find for the plaintiff, the measure of his recovery will be the amount due on said note at the time of the commencement of this action, namely, November 5, 1929, the amount due on said note at that time being $645.00, and on this said sum of $645 you should also allow interest from November 5, 1929, to the present time at the rate of six per cent per annum; and in case the defendant has proved its partial defense of set-off to the plaintiff's said claim, you will deduct from the above amount the amount you allow defendant by way of set-off, and the balance would be the amount of your verdict for the plaintiff, providing you allow the plaintiff a recovery."

The last item of the account is November 20, 1926. Appellant contends that the aforesaid instruction is erroneous in that it allows interest on the note to the date of the verdict according to its terms, and from the amount so found due authorizes the jury to subtract the sum of $135.19 in the event they find for the defendant on the entire account pleaded as against Lee, plaintiff's assignor. The appellant in his argument states: "It is our contention that the set-off should have been allowed as of the date of the maturity of the same,—that is, of the date of the last item." The defendant in his answer pleads "that there is now due and owing this defendant from the said J. P. Lee the sum of $135.19, which sum is a just offset to any claim the

plaintiff may have against the defendant,'' and he asks ''that said offset be allowed.'' The appellant's testimony establishes the fact that the goods and merchandise listed in the account were sold and delivered to Lee and his family, and that the prices charged are the fair and reasonable value thereof. There is no testimony to the contrary. Section 10971, Code, 1927, provides:

''The assignment of a thing in action shall be without prejudice to any counterclaim, defense, or cause of action, whether matured or not, if matured when pleaded, existing in favor of the defendant and against the assignor before notice of the assignment; but this section shall not apply to negotiable instruments transferred in good faith and upon a valuable consideration before due.''

The court instructed the jury that the note in suit is non-negotiable. The evidence of the plaintiff is to the effect that he procured the note from Lee in November, 1924, and shortly thereafter informed the defendant of his ownership. The import of the defendant's testimony is that it first received information or notice that plaintiff claimed to be the owner of the note in January, 1927, and that the plaintiff did not become the owner thereof until that time. Thus, the question as to when plaintiff became the owner of the note and gave defendant notice thereof is in dispute. The first item of the account bore date of March 23, 1926, and the last item thereof bore date of November 20, 1926. In an instruction, to which no exception was taken, the court instructed the jury that to entitle the defendant to any reduction of plaintiff's claim on the note because of its account against Lee, it must prove by a preponderance of the evidence ''that said goods and merchandise were so sold and delivered to the said Lee before the plaintiff acquired the note in question, or before the defendant had notice that plaintiff had acquired the note.'' The jury did allow the defendant the reduction because of the account held by defendant against Lee. It is therefore apparent that the jury found against plaintiff on the questions as to the time when he acquired the note and gave the defendant notice thereof.

Now, what as to appellant's claim that it was entitled to a set-off as of the date of the last item of the account? The ap-

pellant relies on Tuttle v. Bisbee, 144 Iowa 53. The cited case is not analogous with nor controlling in the instant case. In the cited case, the plaintiff brought suit on a note which bore interest, and the defendant filed a counterclaim on an account, and asked ''that the charges as they appear in defendant's bill of particulars be deducted from the note as held by the plaintiff as of the date of the items;'' asked an accounting as between plaintiff and defendant, and for other equitable relief. The case was tried to the court, and we there said:

''* * * * *the answer definitely prayed for equitable relief, in that the items of the account be applied on the note as of their dates* and the right thereto was specifically challenged by the reply. As the issue was thus made, we are of the opinion, *in view of the fact that the cause was submitted on the pleadings,* that the question was presented to the court whether credit should be applied *as an equitable set-off.*'' (Writer's italics).

In the instant case there is no mutuality of obligations existing between the plaintiff and defendant. The plaintiff did not owe the defendant anything. There could be no accounting as between them. The defendant did not ask an equitable set-off, did not ask for equitable relief, *did not ask that the charges as they appear in the account be deducted from or credited on the note as of the dates of the items or as of the date of the last item thereof;* but merely alleged ''that there is *now due and owing this defendant from the said J. P. Lee the sum of $135.19,* which *sum* is a just offset to any claim the plaintiff may have against this defendant.'' A fair construction of the pleading is that the amount owing plaintiff on the note, according to its terms, should be reduced in the sum of $135.19, the amount claimed by the defendant to be owing by Lee to defendant on the account. The trial court so construed the pleading, and properly so, when giving the aforesaid instruction.

The case must be determined upon appellant's pleading as it is, and not upon averments which might have been, but were not, included therein. There is no merit in appellant's contention at this point.

We have carefully considered all matters urged by the ap-

pellant and find no prejudicial or reversible error, and the judgment of the trial court is hereby affirmed.—Affirmed.

STEVENS, FAVILLE, DE GRAFF, and ALBERT, JJ., concur.