Roxie Nehring, administratrix of estate of Phyllis Nehring, appellant, v. George D. Smith et al., appellees.

No. 47885.

(Reported in 49 N.W.2d 831)

NOVEMBER 13, 1951.

REHEARING DENIED JANUARY 11, 1952.

Willoughby, Strack & Sieverding, of Grundy Center, Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for appellant.

Swisher, Cohrt & Swisher, of Waterloo, and Ruppelt, Kimball & Engelkes, of Grundy Center, for appellees.

GARFIELD, J.—On April 9, 1948, about 8 p.m., decedent, a girl nearly seventeen, was riding as a guest of defendant Gerald Smith, the driver, in his father's automobile. While traveling west on paved primary highway 58 the Smith car went from

the north (right) to the south (left) side of the highway and collided with an automobile going east. Decedent's death resulted from the collision.

In this action against the two Smiths plaintiff-administratrix claims the collision was caused by reckless operation of the Smith automobile within the meaning of section 321.494, Codes, 1946, 1950. Defendants' motion to direct verdict at the close of plaintiff's evidence was sustained on the ground proof of reckless operation was insufficient. Plaintiff's appeal asserts five errors.

Since it is admitted the automobile was driven with the father's consent he would be liable for decedent's death if caused by reckless operation of the car. Code sections 321.493, 321.494; Harvey v. Clark, 232 Iowa 729, 732, 6 N.W.2d 144, 145, 143 A. L. R. 1141, 1143, and citations.

I. After defendants' answer was filed in which reckless operation of the car was denied, plaintiff filed twelve interrogatories to be answered by defendant Gerald Smith. Defendants' objections to the interrogatories were sustained on the ground it was not shown answers were necessary to enable plaintiff adequately to prepare for trial and the statement of plaintiff's counsel to that effect filed with the interrogatories was an opinion and conclusion.

Rule 121, Rules of Civil Procedure, under which the interrogatories were filed, states "* * * a party may, after the appearance of an adversary and after filing his own pleading, file * * * not over thirty numbered interrogatories to be answered by such adversary, if they are necessary to enable the interrogating party adequately to prepare for trial."

As defendants concede, the rules as to discovery, including 121, are to be liberally interpreted. See Hitchcock v. Ginsberg, 240 Iowa 678, 679, 37 N.W.2d 302, 303; Chandler v. Taylor, 234 Iowa 287, 298, 12 N.W.2d 590, 595, 596. See also Vincent v. Van Blooys, 263 Mich. 312, 248 N.W. 633. "The modern trend has been to broaden the scope of discovery to give litigants access to all the material facts." (Citations.) Hitchcock v. Ginsberg, supra.

We think the court should have required answers to these interrogatories. They called for information relevant

and material to the case. They asked Gerald to state whether he saw the other automobile and if so where he was with reference to the place of collision when he first saw it, the course of the Smith car from the time he first saw the other automobile until the time of collision, his rate of speed, whether he applied his brakes, and some other matters.

It is true plaintiff was entitled under rule 121 to answers to these interrogatories only if they were "necessary to enable" her "adequately to prepare for trial." 27 C.J.S., Discovery, section 30, page 46, states: "The term necessary as used in a statute providing that the examination must be necessary does not mean indispensable or absolutely necessary but it is used in the sense of needful, and an examination may be granted where it will greatly facilitate the trial." Getchell & Martin Lbr. & Mfg. Co. v. Des Moines U. Ry. Co., 115 Iowa 734, 737, 87 N.W. 670, 671, says "The word [necessary] is often employed as somewhat analogous to 'expedient' or 'appropriate'."

We are not disposed to give a narrow meaning to "necessary" as used in rule 121. It is significant the rule authorizes interrogatories where necessary to enable a party "adequately to prepare for trial." The word "adequately" broadens the meaning of "necessary."

We cannot agree with defendants and the trial court that plaintiff failed to make any showing answers to the interrogatories were necessary for adequate preparation for trial. Defendants say they do not contend a showing of necessity by affidavit is required but argue that facts must be presented to the trial court to enable it to determine the necessity.

We think sufficient necessity for answers to the interrogatories appears from the petition, the answer, the interrogatories and the admitted fact that the only occupant of the Smith car other than Gerald was killed by the collision. The interrogatories, which it seems to be conceded were signed by plaintiff's counsel, recite that answers thereto "are necessary to enable [her] adequately to prepare for trial."

Rule 80, R.C.P., provides, "Counsel's signature to every motion or pleading shall be deemed his certificate that there are good grounds for making the claims therein * * *." We have held an application for production of books and papers under

our rules relating to discovery is a motion within the meaning of rule 80. Chandler v. Taylor, supra, 234 Iowa 287, 293, 12 N.W.2d 590, 594. The interrogatories and accompanying statement are at least in the nature of a motion.

II. The trial court sustained defendants' motion to suppress the deposition of Purvis, deputy sheriff at the time of the collision, on the ground they were prevented from finishing their cross-examination of him.

Twelve days before the trial this deposition was taken at Purvis' home on oral examination. He had suffered a stroke and was not well. On direct examination he told of his call to the scene of the collision soon after it occurred, identified photographs of the two cars involved in the wreck, described their position and the location of oil marks on the south side of the pavement, told of tire marks leading about fifty feet from the Smith car to the north side of the paving and a cut and blowout of its right front tire, said he found nothing wrong with its steering mechanism, and described weather conditions which were about normal.

After one hundred twenty questions were answered on cross-examination (about as many as on direct) Purvis became ill, was unable to continue and remained so to the time of trial. Taking the deposition was evidently too much of an ordeal for him in his condition.

As a rule the direct examination should be excluded where there is not adequate opportunity for cross-examination. See Kemble v. Lyons, 184 Iowa 804, 169 N.W. 117; Womochil v. Peters, 226 Iowa 924, 930, 285 N.W. 151; 58 Am. Jur., Witnesses, section 612; 70 C. J., Witnesses, section 788.

There is authority for the view that a deposition may be admitted where the direct examination has been completed and death or sickness of the witness, without fault on either side, prevents cross-examination. 26 C.J.S., Depositions, section 93, page 936; St. Charles Sav. Bk. v. Denker, 275 Mo. 607, 205 S.W. 208, 211. The better rule seems to be that the deposition should be received where cross-examination has so far progressed that its purposes have been substantially accomplished. See 5 Wigmore on Evidence, Third Ed., section 1390, page 111; Fuller v. Rice, 70 Mass. (4 Gray) 343, 345.

██ Failure to complete the cross-examination due to the cross-examiner's consent or fault does not render the deposition inadmissible. 5 Wigmore, Third Ed., section 1390. Plaintiff argues that Purvis' inability to complete the deposition is chargeable to repetitious cross-examination and needless objections by defendants' counsel. While the cross-examination was exacting and somewhat repetitious we think defendants' counsel were not responsible for the failure to complete it.

██ Although the trial court might have received the Purvis' deposition we are not persuaded it was an abuse of discretion to exclude it. At least two matters brought out on direct examination (the cut and blowout of a tire and the condition of the steering mechanism) had not been touched upon in cross-examination and the witness was being asked about the tire marks leading from the Smith car when he became ill. We cannot say the cross-examination was substantially complete.

Plaintiff offered the entire deposition, not merely the parts upon which the cross-examination seems to have been completed, so we have no occasion to consider whether such parts were admissible.

Since most of the matters shown by the deposition were brought out by other evidence its exclusion has little bearing upon the vital question whether the issue of reckless operation of the Smith car should have been submitted to the jury.

III. Plaintiff complains of the striking of her testimony as to a claimed admission by defendant Gerald Smith. Plaintiff testified that two or three weeks after her daughter died she talked to Gerald when he came to her home and told her what he said he remembered of the fatal ride. This record follows:

"Q. Did you talk to him later? A. Yes, I talked to him later, and we were talking about the accident again, and he said he would settle with us if it wasn't taken care of. Q. Where was that? A. In my own home, too. Q. Did you see——

"Mr. Cohrt [defendants' counsel]: Now just a minute, I want to get that answer too. (Last two answers read by reporter.)

"Mr. Cohrt: I move to strike the answer as incompetent and immaterial, nothing to do with the issues.

"The Court: Sustained."

It is conceded the court intended to strike the answer first quoted and it was not afterwards considered part of the record.

■ It will be noticed no objection was made to either question quoted and no excuse made for failure to object—as that the answer was given before counsel had time to object or was not responsive to the question. The motion to strike "the answer" was not made until after the second question had been answered and a third question started. Ordinarily such a motion refers to the last answer. Lewis v. Farmers Grain Co., 214 Iowa 143, 146, 241 N.W. 469. Further, the motion to strike was not upon the ground the testimony related to an offer to compromise —principal reason now urged in support of the ruling.

■ Without considering the matters just mentioned, it was error to strike either of the quoted answers. Under our repeated decisions and other authorities the testimony related to an admission of liability by defendant Gerald Smith. It was not an offer of compromise. There is no evidence there was any controversy between the parties at the time. As defendants say in argument, "The evidence fails to show any demand was being made upon defendant at the time."

■ 31 C. J. S., Evidence, section 285b, pages 1044, 1045, states: "However, there must be a controversy between the parties at the time of the alleged offer, for if there is no controversy there is nothing to compromise. * * * certainly no statement or admission will be excluded because of compromise connections unless it appears to have been made as part of, and under the motivating influence of, compromise negotiations pending or contemplated at the time."

In Langdon v. Ahrends, 166 Iowa 636, 639, 147 N.W. 940, after a defendant learned of the extent of plaintiff's injuries from an automobile accident he said "I will settle this with you." We held: "* * * the statements were mere admissions * * * and not in any sense offers to compromise or to buy his peace. No litigation had been started and none was threatened; neither plaintiff nor her husband was asserting any claims against the defendants * * * and so far as appears neither of the de-

fendants was disputing his liability for the accident. The statements were entirely voluntary expressions or admissions of liability, and a promise to pay or settle the damages, before any question arose as to responsibility. An offer to settle or to pay money is evidence that the party making it admits his liability and is admissible in evidence; but offers to buy one's peace or to compromise for the purpose of averting litigation are quite a different thing, and such an offer should not be given in evidence. [Citations.]"

Langdon v. Ahrends, supra, is cited with approval in Lynch v. Egypt Coal Co., 190 Iowa 1272, 1278, 181 N.W. 385; Southern Surety Co. v. Chicago, R. I. & P. R. Co., 215 Iowa 525, 532, 245 N.W. 864; Koht v. Dean, 220 Iowa 86, 93, 261 N.W. 491; McClure v. Smeltzer, 222 Iowa 732, 739, 269 N.W. 888. See also Suntken v. Suntken, 223 Iowa 347, 353–361, 272 N.W. 132.

Langdon v. Ahrends is cited in 31. C. J. S., Evidence, section 285b, page 1044, for this: "So too, where there is no denial of liability, it may be competent to show that a party promised * * * to settle * * *."

Defendants admit Langdon v. Ahrends appears to be contrary to their contention upon this point but say it should be overruled. This we are unwilling to do.

Other Iowa cases which support our decision include State v. Richmond, 138 Iowa 494, 116 N.W. 609, 16 Ann. Cas. 457; Ewing v. Hatcher, 175 Iowa 443, 449, 154 N.W. 869; Bauer v. Reavell, 219 Iowa 1212, 1217, 1218, 260 N.W. 39, 42 (Defendant "said he was willing to settle and he wanted everything taken care of." We held this and like statements were in the nature of admissions receivable in evidence); Wolfe v. Decker, 221 Iowa 600, 602, 603, 266 N.W. 4; Whetstine v. Moravec, 228 Iowa 352, 361, 365, 291 N.W. 425, 429 ("we will see you through all this" held an admission); McGulpin v. Bessmer, 241 Iowa 1119, 1123, 1124, 43 N.W.2d 121, 123, 125.

Among other decisions which support our conclusion are Hanlon v. Lindberg, 319 Ill. App. 1, 48 N.E.2d 735, 738; Wiseman v. Rome, 250 Mass. 505, 508, 146 N.E. 28; Dennison v. Swerdlove, 250 Mass. 507, 146 N.E. 27 ("The defendant's promise to adjust the damages to the plaintiff's automobile was not an offer of compromise but an admission that he was at fault

234

* * *."); Hutchinson v. Knowles, 108 Vt. 195, 184 A. 705, 707; Turgeon v. Baker, 105 Vt. 61, 163 A. 588.

Defendants argue the stricken testimony relates to an act of mercy or benevolence, not to an admission of liability, on Gerald's part. It is frequently, though by no means always (see Bauer v. Reavell, supra, 219 Iowa 1212, 1217, 260 N.W. 39; Turgeon v. Baker, supra, last above), held a defendant's offer of medical or hospital care to an injured plaintiff is a mere offer of benefaction which is not indicative of fault on defendant's part in causing the injury. Several decisions cited by defendants are of this type. We are cited to no authority which holds that a voluntary promise to settle is only an act of benevolence.

The most defendants would be entitled to in this connection would be to have submitted to the jury, under proper instructions, the question whether the statement of Gerald was intended as an admission of liability or a mere act of benevolence. The testimony should not have been excluded. Where it is doubtful whether a statement of a litigant is an admission of liability or an offer of compromise it is proper to submit the question to the jury. See Kassing v. Ordway, 100 Iowa 611, 615, 69 N.W. 1013; Cerny v. Secor, 211 Iowa 1232, 1237, 234 N.W. 193, 195 ("It was for the jury to say what, if any, admissions the defendant made, *and what he meant by them.*") (Italics added.); Phoenix Assur. Co., Ltd. v. Davis, 5 Cir., Tex., 67 F.2d 824, 826; Gagne v. New Haven Road Constr. Co., 87 N. H. 163, 175 A. 818, 821; Merchants Cotton Oil Co. v. Acme Gin Co., Tex. Civ. App., 284 S.W. 680, 682, 683; 31 C. J. S., Evidence, section 289. See also Aide v. Taylor, 214 Minn. 212, 7 N.W.2d 757, 760, 145 A. L. R. 530, 534. By the same token the question whether such a statement is an admission or a mere act of benevolence may also be for the jury.

We cannot accept defendants' argument that the words "if it wasn't taken care of" rendered the entire answer inadmissible as injecting into the case the matter of defendants' liability insurance. It is just as reasonable to conclude that the quoted words were intended to refer to Gerald's father as to defendants' insurance company. Doubtful or uncertain references to insurance are usually held not prejudicial. See annotation 4 A. L. R.2d 761, 819.

In any event, it is well settled that an admission of liability is not rendered inadmissible by the fact the jury may incidentally be apprised thereby that defendant has liability insurance. Stilson v. Ellis, 208 Iowa 1157, 1169, 225 N.W. 346, 352 ("Admissions against interest are such even though they may embody information concerning insurance carried by the declarant."); Ryan v. Simeons, 209 Iowa 1090, 1099, 229 N.W. 667, 671 ("* * * if * * * the conversation relating to insurance is a part of a material admission made by a party * * * it may be called for."); Bauer v. Reavell, supra, 219 Iowa 1212, 1216, 260 N.W. 39; Wolfe v. Decker, supra, 221 Iowa 600, 603, 266. N.W. 4; Ellis v. Pierce, 172 Mass. 220, 51 N.E. 974; Hutchinson v. Knowles, supra, 108 Vt. 195, 184 A. 705, 707; annotation 4 A. L. R.2d 761, 781.

This is not such a case as Rutherford v. Gilchrist, 218 Iowa 1169, 1173, 255 N.W. 516, 518, cited by defendants, where we said: "The evident purpose, and the only purpose apparent, of the introduction of this testimony, was to get before the jury the fact that the defendant carried liability insurance."

IV. This brings us to the vital question whether the evidence of claimed reckless operation of the Smith car was sufficient for submission to the jury. Perhaps we might avoid expressing our view upon this question. We have held in Division I it was error not to require answers to the interrogatories filed by plaintiff and in Division III that the quoted testimony of plaintiff should not have been stricken. We cannot say these errors, especially the former, were without prejudice. We do not know what Gerald's answers to the interrogatories will be. Plaintiff will be entitled to use the answers to impeach Gerald's testimony or as admissions of Gerald. Rule 128, R. C. P. Hence, plaintiff is entitled to a new trial where the evidence may be materially different.

However, in view of the chance the evidence upon a retrial will be substantially the same as before, we would be less than candid if we were to express no opinion upon its sufficiency. Litigants should not unnecessarily be put to the expense and delay of two appeals to ascertain our view upon a vital issue. What we say on this question, however, will not be controlling if the evidence upon a retrial is materially different. See Mc-

236

Klveen v. Townley, 233 Iowa 328, 331, 332, 7 N.W.2d 186, 187, 188, and citations; Bair v. Shoultz, 233 Iowa 980, 7 N.W.2d 904.

 We think the evidence now before us, including that erroneously stricken as held in Division III hereof, insufficient to warrant a finding the Smith car was recklessly operated. It was being driven in a perfectly normal manner, fifty to fifty-five miles per hour, on its right side of the highway when, without warning, it went onto the wrong side (for meeting other vehicles) and collided with the oncoming car of Eason. Two witnesses for plaintiff say, in effect, its speed did not slacken. Just how long before the collision the automobile had gone to the wrong side is not entirely clear. It was only a matter of seconds and the car had traveled on the wrong side only a very short distance.

There is no explanation why the automobile got on the wrong side of the pavement. So far as shown, it was due to mere inadvertence or thoughtlessness of Gerald. "We have frequently said that conduct arising from mere inadvertence, thoughtlessness, or error of judgment is not reckless. [Citations.]" Harvey v. Clark, 232 Iowa 729, 732, 6 N.W.2d 144, 145, 143 A. L. R. 1141, 1143. That Gerald was negligent is conceded. But recklessness is more than negligence. It involves "proceeding without heed of or concern for consequences." We are unable to find substantial evidence Gerald was so proceeding here.

 We have held a finding of recklessness in a case of this character cannot be based on the doctrine of res ipsa loquitur. See Hebert v. Allen, 241 Iowa 684, 688, 41 N.W.2d 240, 243; Harvey v. Clark, supra, 232 Iowa 729, 732, 6 N.W.2d 144, 145, 143 A. L. R. 1141, 1143; Phillips v. Briggs, 215 Iowa 461, 465, 245 N.W. 720; Article by Harry G. Slife, 35 Iowa Law Review 393, 394, n.5. Of course this does not mean that recklessness, like other facts, may not be shown by circumstantial evidence.

Schneider v. Parish, 242 Iowa 1147, 49 N.W.2d 535, considers the question of reckless operation under section 321.494 rather fully. The trial court was there reversed for submitting the issue to the jury. Plaintiff's case here seems less strong than Schneider's case. The testimony referred to in Division III which was erroneously excluded would aid plaintiff's case if there were

other evidence of recklessness. We think, however, it is insufficient by itself to warrant submission of the case to the jury.

■ V. That the trial court after sustaining defendants' motion to direct verdict did not have one of the jurors sign a form of verdict, as is usually done, affords plaintiff no ground for reversal. Judgment for defendants was entered upon the court's ruling on the motion rather than upon the verdict. Signing a verdict under direction of the court was a formality which might be omitted. Its omission was a harmless irregularity not prejudicial to plaintiff. Dubuque Fruit Co. v. Emerson & Co., 201 Iowa 129, 133, 134, 206 N.W. 672; Marion v. Home Mutual Ins. Assn., 205 Iowa 1300, 1303, 217 N.W. 803. See 64 C. J., Trial, section 456.—Reversed.

All JUSTICES concur.