**Marjorie E. JOHNSON, Executor of the Estate of Russell Johnson, Deceased, Appellant,**

v.

**Harold JOHNSON and Bernice Carlson, Appellees.**

No. 53817.

Supreme Court of Iowa.

Feb. 10, 1970.

La Von E. Billings, Red Oak, and William H. Mecham, Omaha, Neb., for appellant.

Johnson, Stuart, Tinley & Peters, Council Bluffs, for appellees.

RAWLINGS, Justice.

By action at law plaintiff widow seeks recovery of damages from defendants, owner and operator of a livestock truck, for claimed negligence caused death of her husband, an occupant in the vehicle when it was wrecked. On jury waived trial the court found plaintiff failed to prove her decedent was other than a guest, and denied recovery. Plaintiff appeals. We affirm.

The material facts are not in dispute. Plaintiff and her husband, Russell Johnson, were engaged in the farming and livestock feeding business near Essex.

Russell engaged Harold Johnson, defendant truck owner, to transport a load of cattle to an Omaha first occasion buyer.

When Bernice Carlson, remaining defendant employee truck operator, arrived at the farm, March 21, 1966, Russell helped load the livestock. That having been accomplished, he said "I believe I'll ride along and see what the cattle weigh and pick up my check." It was not necessary, however, that Russell be present when the cattle were unloaded.

The trip to market was uneventful. While in Omaha plaintiff's decedent viewed the weighing and received payment.

The two men then started their return trip but en route the truck went off the highway and was wrecked. Russell Johnson's death resulted.

By Count I of her petition plaintiff asserts her husband's demise was proximately caused by specifically alleged negligence on the part of defendants. Count II states in part, " * * * plaintiff relies in this action upon his (sic) allegation of general negligence and carelessness under the rule of res ipsa loquitur."

Answer by defendants admits an employer-employee relationship between them, that on the return trip from Omaha the truck went off the road, and as a result Russell received death causing injuries. They further deny negligence, and plaintiff's allegation to the effect her decedent was not a "guest" in the vehicle.

No evidence whatsoever was presented relative to events immediately prior to or at time of the fatal accident.

Appellant asserts three "propositions" in support of a reversal. As a matter of grace they will be considered as "errors assigned" in this law action. See rule 344(a) (3), Rules of Civil Procedure, and

Stewart v. Hilton, 247 Iowa 988, 991, 77 N.W.2d 637.

We are here asked to reverse upon appellant's claim that trial court erred in (1) holding the guest statute, section 321.494, Code, 1966, precluded recovery; (2) finding the res ipsa loquitur doctrine creates, at best, a presumption of negligence, not recklessness; and (3) failing to require rebuttal by defendants of the presumptive negligence arising from nature of the accident.

■ I. Findings of fact by trial court have the effect of a jury verdict. Furthermore the record will be viewed in that light most favorable to the judgment, and if supported by substantial evidence it will not be disturbed on appeal. This does not, however, exclude inquiry as to whether trial court erred in the admission of evidence or application of erroneous rules of law which materially affected the decision. Rule 344(a) (3), R.C.P.; Christensen v. Miller, Iowa, 160 N.W.2d 509, 511; Hamilton v. Wosepka, Iowa, 154 N.W.2d 164, 166; Morris Plan Leasing Co. v. Bingham Feed and Grain Co., 259 Iowa 404, 413, 143 N.W.2d 404; and McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130.

II. Code section 321.494, provides: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

We do not propose to now contribute any more than necessary to the endless array of words, acres of paper, and streams of ink heretofore employed in the interpretation and application of this statute.

■ As previously disclosed, plaintiff's action is predicated on negligence of the

truck owner and operator, which means the burden was upon her to prove decedent was not a guest, and in so doing overcome the rebuttable presumption he occupied that position.

■ Since decedent did not pay for any right to ride in the vehicle, plaintiff could only establish his status was other than that of a guest by showing, (1) he was performing duties as a servant of the owner or operator; or (2) his transportation was for the definite and tangible benefit of the owner or operator; or (3) his transportation was for the mutual, definite and tangible benefit of himself and the owner or operator; or (4) existence of a relationship between him and the operator as co-employees in furtherance of their employment in transporting as directed by their employer.

In support of the foregoing see Ross v. McNeal, Iowa, 171 N.W.2d 515, 517; Jackson v. Brown, Iowa, 164 N.W.2d 824, 826–828; and Annos. 24 A.L.R.3d 1400, 1402.

■ Mindful of these oft repeated basic principles, we find the record devoid of any substantial proof that plaintiff's decedent was other than a guest in the ill-fated livestock truck. In fact, primary motivation for the trip was *decedent's* desire to be present when the cattle were weighed-in and to pick up the check. Trial court's holding to the effect he was a self-invited, self-serving guest is amply supported by the record.

■ III. Finally, under existing circumstances, a finding of recklessness within our motor vehicle guest statute, quoted supra, could not be foundationed upon the res ipsa loquitur doctrine. Trial court properly so held. Nehring v. Smith, 243 Iowa 225, 236, 49 N.W.2d 831; Harvey v. Clark, 232 Iowa 729, 732–733, 6 N.W.2d 144, 143 A.L.R. 1141; Phillips v. Briggs, 215 Iowa 461, 465, 245 N.W. 720. See also 61

C.J.S. Motor Vehicles § 511(3), pp. 202, 204.

Further discussion will serve no useful purpose.

Affirmed.

All Justices concur.