ASSETS AND LIABILITIES ASSOCIATION, a corporation, complainant,

*v.*

ANTONIO ESPOSITO and VINCENZINA ESPOSITO et al., defendants.

[Decided May 31st, 1923.]

When interrogatories are exhibited under rule 84 by a complainant to a defendant whose answer to the bill is a general denial, such interrogatories being intended to reach matters peculiarly within the knowledge of the defendant, are proper, and a motion to strike them out will be denied, even when the bill is not verified.

On bill, &c.   On motion to strike out interrogatories.

*Mr. Schuyler M. Cady,* for the complainant.

*Mr. William V. Azzoli,* for the defendants.

BENTLEY, V. C.

The bill charges that the defendant, Antonio Esposito, without consideration and with intent to defraud the complainant, conveyed three of four described pieces of land to his wife; that such conveyances were made by him by two deeds, dated respectively the 19th and 20th of April, 1922; that on April 13th of that year, about one week before the said conveyances, the complainant had recovered a verdict in the United States district court for the district of New Jersey, in the sum of $7,360.22 and costs.

The charge of fraud is denied by the defendant, and alleges that such conveyances were in consideration of an ante-nuptial agreement between the said Esposito and his wife, Vincenzina Esposito, entered into between them prior to their marriage

in 1913. So that, under the statute, the purpose of the suit is to set aside the conveyances mentioned so as to reach the property described in the bill.

As to a fourth tract of land in the name of the defendant, Antonio Esposito, it is alleged in the bill that it is held by Antonio and his wife by the entirety, on which there is a mortgage that will render it impossible to satisfy the judgment in the United States district court upon the verdict mentioned above. The entire paragraph in which these allegations are made is denied by the answer.

Under these circumstances, the complainant has served upon the defendants a series of fourteen interrogatories, whereupon the defendants have moved, upon notice, for an order striking out the interrogatories, upon several grounds.

Under the original practice, such interrogatories as the complainant chose to exhibit to the defendant were contained in the bill, and if the defendant desired to secure discovery from the complainant he filed a cross-bill for that purpose, until the *Act of 15 and 16 Vic. c. 86 § 19,* when it was provided that the defendant might file interrogatories for the examination of the complainant (*Dan. Ch. Pl. & Pr. § 1553*). Under the former chancery rules of this state it was provided by the seventy-seventh rule that the defendant might serve interrogatories upon the complainant, following the English statute just mentioned. In the revision of the chancery rules, promulgated to take effect January 1st, 1917, there was copied the sixty-second rule of the schedule to the Chancery act (1915), which was a supplement to the act of 1902, and was approved March 30th, 1915. This abrogates the seventy-seventh rule alluded to, and provides:

"When a cause is at issue between two or more parties, either of them may serve on the adverse parties, or any of them, written interrogatories upon any matter material to the issue, with a note at the foot thereof stating which of the interrogatories each of the parties is required to answer."

It seems to me clear that the purpose of this change was to provide a simple and expeditious method of examining the adverse party before trial, similar to section 140 of the Prac-

tice act of 1903, relating to the courts of law, and that being adopted for the purpose of guarding against surprise on the final hearing, should be liberally construed. From an examination of the interrogatories I am convinced that they are all pertinent to the issues raised by the pleadings and, calling as they do for matters peculiarly within the knowledge of the defendant, are properly framed.

It is also objected upon the part of the defendants that this bill being filed under section 70 of the Chancery act (*1 Comp. Stat. p. 435*), interrogatories may not be served because the seventy-second section provides for examination of the defendant only when the bill is verified. On a previous motion I refused to grant an order for such examination because the bill was not sworn to; but I see no relation between this section of the Chancery act and the provision of the eighty-fourth chancery rule which I have just quoted. The seventy-second section of the Chancery act provides only the very different procedure of the examination of a party before trial and is not intended in any way to narrow the right of ascertaining facts peculiarly within the knowledge of the adverse party by interrogatories.

I will advise an order dismissing the notice to strike out.