## In re BAKER.

(District Court, S. D. California, S. D. May 28, 1926.)

### No. 8213.

1. **Bankruptcy ⟲⟹178(1)—Sale of business by bankrupt held in fraud of creditors (Civ. Code Cal. § 3440).**

Sale of business by bankrupt though made in accordance with Civ. Code Cal. § 3440, *held* in fraud of creditors, in view of fact that purchaser, during negotiations for sale, noted that large amount of merchandise was being removed.

2. **Fraudulent conveyances ⟲⟹158(3).**

Purchaser from person disposing of business in bulk has duty to make all reasonable inquiry to ascertain liabilities of vendor.

3. **Bankruptcy ⟲⟹178(1)—Compliance with law as to notice of bulk sales does not affect right of creditors to have sales declared void if made within four months before bankruptcy proceedings (Civ. Code Cal. § 3440).**

Compliance with Civ. Code Cal. § 3440, requiring notice of bulk sales, does not affect

right of creditors to have such sales declared void, when made within four months preceding commencement of bankruptcy proceedings.

**4. Bankruptcy ⟨⟩101—Order confirming special master's report that sale was in fraud of creditors only confirms right of possession in custodian previously appointed, where there had been no adjudication of insolvency.**

Where there has been no adjudication of insolvency of alleged bankrupt, order confirming special master's report that sale by bankrupt was in fraud of creditors only has effect of confirming right of possession in custodian theretofore appointed in bankruptcy proceedings.

In the matter of R. B. Baker, doing business as the Baker Tire Shop, alleged bankrupt. On exceptions by Sam Pearlman to report of special master finding that transfer by bankrupt was fraudulent as against creditors. Exceptions to report overruled, and report confirmed.

Walter C. Durst, of Los Angeles, Cal., for petitioner Pearlman.

Walter W. Mayes, of Los Angeles, Cal., for petitioning creditors.

JAMES, District Judge. R. B. Baker, as to whom certain creditors have filed an involuntary petition in bankruptcy, prior to the early part of February, 1926, conducted the business of dealing in automobile tires at an established location in the city of Los Angeles. On February 11, 1926, Baker offered to sell to Sam Pearlman his business and stock of merchandise for the sum of $1,000. This offer was not accepted by Pearlman. On February 13, 1926, Pearlman returned, and Baker again offered to sell his business and stock, agreeing to take $500 therefor. Pearlman noticed that in the interval between his first and second visit, a considerable part of the merchandise had been removed from the shop. He accepted the last offer of Baker, and paid $200 in cash, and an escrow was made covering the balance of $300 due, pending the lapse of time required by section 3440 of the Civil Code of California within which creditors might assert claims. The notice of the intended sale was recorded in compliance with the section noted. Claims of creditors were made against the escrow deposit of amounts largely in excess of $300. An attachment was levied on process issued out of the state court, and the escrow holder was advised by Pearlman not to pay out the $300, pending action by the creditor claimants.

Pearlman on February 13, 1926, took possession of the shop and premises formerly used by Baker, and retained the same until dispossessed thereof by the attachment levied by the sheriff. The custodian appointed in this proceeding later obtained possession and has since retained the same. Pearlman's application for an order to have restored to him the possession of the shop was referred to a special master, upon the order being resisted by the petitioning creditors herein. The master, after hearing the evidence offered by the parties, made his finding that the transfer by Baker to Pearlman was fraudulent as against the creditors of Baker, and hence void. He made a second finding that the sale was never completed, because the consummation thereof under the escrow was suspended at the demand of Pearlman, the vendee. The master accordingly made his report and recommendation. Pearlman excepted to the findings of the special master on the principal ground that, under the evidence, there was no warrant for determining that the sale by Baker to him was void or voidable.

[1, 2] I am of the opinion that the finding of the special master that the sale was in fraud must be sustained. Pearlman contracted with Baker to buy out the entire business. He noted between his first call and his second call that a large amount of merchandise had been removed. This circumstance reasonably indicated that the depletion of the stock had not been in the regular course of business. Pearlman made no inquiry or investigation, to ascertain what the liabilities of Baker were at that time, beyond asking Baker himself how much he owed. No books were checked, nor was any inquiry made of firms or business houses with whom Baker was dealing, and it is a fair assumption that the books or accounts would have shown the facts, had Pearlman desired to make a reasonable investigation thereof.

The question as to whether a fair consideration was contracted to be paid is not the only consideration. It is quite uniformly held that the fact alone that a man is disposing of his business in bulk is a suspicious circumstance, which imposes upon the vendee the duty to make all reasonable inquiry to ascertain what the liabilities of his vendor are. Failing in this, the sale will not be held good, so as to deprive creditors of their right to have recourse against the assets of the business concerned. Walbrun v. Babbitt, 16 Wall. (83 U. S.) 577, 21 L. Ed. 489. And as is said in Dokken v. Page, 147 F. 438, 77 C. C. A. 674, by the Circuit Court in the Eighth Circuit:

" * * * A purchaser, within the four-months limitation, is presumptively a purchaser with knowledge. To protect his

purchase the burden rests upon him to show satisfactorily that he was purchaser in good faith, that he paid a present, fair consideration for the property, and that he did not know or have reason to believe that the vendor was insolvent."

Mr. Black, in his work on Bankruptcy (page 575), summarizes the law affecting sales of this character as follows:

"The sale of a merchant's entire stock in trade at one time and to one purchaser is so far out of the ordinary course of business as to be presumptive evidence of fraud and to charge the purchaser with knowledge of the facts and with bad faith, so that the burden is on him to sustain the validity of his purchase *by showing that he took all reasonable and proper steps to ascertain the seller's financial condition and that he bought in good faith and for a present fair consideration."*

[3] Compliance with a state regulation requiring the giving of notice of bulk sales cannot affect the right of creditors to have declared void such sales, when made within the four-months period preceding the commencement of bankruptcy proceedings.

The exceptions to the report of the special master are overruled, and the report is confirmed.

[4] This order can have the effect only of confirming the right of possession in the custodian, for there has been no adjudication of insolvency as yet made. If such adjudication does not follow, the custodian will be required to return the custody of the property to the person from whom he received it, or to the custody shown to be entitled to it. Exception is allowed petitioner to the making hereof.