## TEXAS CO. v. COHEN.

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

No. 38.

Discovery ⬡➳38.

Defendant in action for services, whose answer in effect was general denial, *held* not entitled to bill of discovery to ascertain character of alleged services and circumstances of their rendition.

Appeal from the District Court of the United States for the Eastern District of New York.

Bill of discovery by the Texas Company against Frank Cohen. From a decree of dismissal, plaintiff appeals. Affirmed.

The defendant had sued the plaintiff at law for services rendered; the plaintiff answered, denying the substantial allegations of the complaint, and alleging as its first and third "separate defenses" that, during the period when the defendant alleged that he was performing the services for which he claimed, he was in the employ of other corporations as their officer, and that any services rendered by him were to those corporations. The second "defense" was that the plaintiff and defendant agreed that there should be no "privity of relations" between the plaintiff (the defendant in the action), and any officer of one of the corporations to which he rendered the services, and that the plaintiff and defendant had released all "oral agreements" between them.

After certain efforts to procure bills of particulars, the plaintiff filed its bill of discovery, the interrogatories inquiring in great detail into the character of the alleged services rendered and the circumstances of their rendition. The defendant moved to dismiss the bill as insufficient on its face, and the District Court dismissed it.

T. K. Schmuck, of New York City, for appellant.

Whitman, Ottinger & Ransom, of New York City (Colley E. Williams, of New York City, of counsel), for appellee.

Argued before HAND and MACK, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). The plaintiff's answer in the action contained nothing but denials, with the possible exception of a part of the second defense. The first and third defenses, so called, were not defenses at all, but argumentative denials; they may be disregarded for the purposes of this bill. The conclusion of the second defense may perhaps be taken as a plea of release midway in the rendition of the services, and, if so, as a partial defense; but it is not so pleaded, and it is difficult, if not impossible, to know just what it does mean. In any event, none of the interrogatories concern it, and it may be ignored. Thus the plaintiff stands in the action merely on a general denial, and the point here at issue is whether it may have a discovery of what the defendant will say in support of the allegations of his complaint. This is quite another question from the extent to which it is entitled in the action itself to a bill of particulars of the claim of the defendant (the plaintiff in the action). We can understand its difficulties and agree that it should be generously protected; but no such considerations ought to induce us, by perverting the office of a bill of discovery, to introduce hopeless confusion into a subject which, even while it was best understood, was never clear, and which entrapped the best judges and the most seasoned practitioners.

As to the general equity of the bill, we have nothing to say; we mean whether, if properly confined in its scope, it would have justified a decree for discovery. How far any changes in procedure should limit its allowance is not before us. It is enough, we think, that it seeks what never has been granted in any case, and what equity, for good reasons or bad, has always steadfastly set its face against; that is, the disclosure before trial of the evidence by which the opposite party will support its own allegations. The opposite was indeed one of the cardinal doctrines regulating the whole subject, as well in a suit for relief as when the bill was ancillary to an action. It may be found laid down in the works of the highest authorities. Wigram on Discovery, third proposition, §§ 346–348; Hare on Discovery, c. IV; Langdell, Equity Pleading (2d Ed.) 67, 68, note. And it has in recent years been repeated by the Supreme Court. Carpenter v. Winn, 221 U. S. 533, 540, 31 S. Ct. 683, 55 L. Ed. 842. Mr. Justice Sanford, while District Judge, applied it in Day v. Mountain City Co. (D. C.) 225 F. 622, and Judge Wilkerson in Taylor v. Ford Motor Co. (D. C.) 2 F.(2d) 473, 478. Whatever may be thought of its application in Indianapolis Gas Co. v. Indianapolis (C. C.) 90 F. 196, Judge Baker certainly meant to recognize it there as well.

It was generally said that the plaintiff may not get discovery of matters which do not prove his own "case" or title. If by "case" was meant no more than that each

party was limited to the discovery of evidence supporting those allegations which he was compelled to make to sustain his claim or his plea in avoidance, all would be clear. One need merely look to the pleadings, and see who had the affirmative. Probably the law was not as simple as that. At least in Glasscott v. Copper Mines, 11 Sim. 305, Sir Launcelot Shadwell ruled that a defendant at law might by discovery examine the plaintiff to secure admissions in rebuttal of his allegations in the declaration, and Vice Chanceller Sandford did the same thing in Atlantic Insurance Co. v. Lunar, 1 Sandf. Ch. (N. Y.) 91. Similar cases, though they concern documents, as to which other considerations are important, are perhaps Jenkins v. Bushby, 35 L. J. Ch. (N. S.) 400, and Boyd v. Petrie, 17 Weekly Reports, 903.

It seems a troublesome doctrine in application to say that a party holding the negative may inquire of his adversary as to facts which will show the falsity of his affirmative allegations, though he may not inquire generally as to what his evidence will be in support of them. But, assuming that it is practicable at all, it would have to be limited to the charge of specific facts which would be inconsistent with the truth of the other party's allegations. It would be inconsistent with the whole underlying doctrine to make such an exception extend to a general disclosure of the evidence by which the plaintiff's adversary meant to establish his allegations. The exceptions so construed would swallow the rule. We need not in the case at bar deny that plaintiff, who has the negative, can have a "case" which would admit of proof by discovery. If it has, the interrogatories are not directed to proving it; they quite naïvely seek a disclosure of what the defendant will prove to support his complaint. To allow that would upset all that has ever been said on the subject.

Decree affirmed.