MONMOUTH COUNTY CIRCUIT COURT.

FREDERICK ROSSETER, PLAINTIFF, v. BENJAMIN E. FARRIER AND MRS. (HOWARD) HORNER, DEFENDANTS.

Decided June 1, 1940.

For the plaintiff, *Samuel J. Foosaner.*

For the defendant Mrs. Howard Horner, *McDermott & Finegold* (*M. Raymond McGowan,* on the brief).

KINKEAD, C. C. J. This is an action in tort, for damages for personal injuries. The defendant Mrs. Howard Horner in her answer sets up by way of a second separate defense that:

"At the time and place mentioned in the complaint, the plaintiff was guilty of contributory negligence, which bars any recovery by him in this suit. His contributory negligence consisted in that:

a. He neglected to take proper precautions for his own safety.

b. He failed to make observation for others lawfully upon the highway.

c. He carelessly, negligently and recklessly exposed himself to the risk of such an incident as allegedly occurred.

d. He was in divers other respects guilty of carelessness, negligence and recklessness."

The plaintiff, contending that he was motivated by an absolute lack of knowledge of the charges contained in said separate defense, demanded interrogatories, which are five in number and are as follows:

"1. In what manner was the accident in question due to the sole negligence of the operator of the car in which the plaintiff was riding as alleged?

"2. In what manner did plaintiff neglect to take proper precautions for his own safety, as alleged?

"3. In what respect was it the duty and wherein did the plaintiff fail in such duty to make observations for others lawfully upon the highways, as alleged?

"4. How did plaintiff carelessly and recklessly expose himself to risk, as alleged?

"5. In what other respects was plaintiff guilty of carelessness, negligence and recklessness, as alleged?"

Defendant Horner moves to strike all five interrogatories. Plaintiff's counsel cites the case of *Neske* v. *Burns,* 8 *N. J. Mis. R.* 160; 149 *Atl. Rep.* 761, in support of plaintiff's right to have these interrogatories answered and quotes from the opinion of Judge Mackay in that case as follows:

"The purpose of interrogatories is to supply a party with information which is within the peculiar knowledge of his adversary and which is essential to the preparation of his case for trial. The rule permitting interrogatories, having as its object the prevention of surprise at the trial, will be liberally construed. *Assets, &c., Association* v. *Exposito,* 94 *N. J. Eq.* 708.

"Further, the purpose of interrogatories is to gain from one's opponent information necessary to build up the case of the party presenting them. *Watkins* v. *Cope,* 86 *Atl. Rep.* 545."

Then counsel proceeds in his brief to contend:

"In line with the thought expressed in the foregoing paragraph, it is insisted that the plaintiff's only purpose in seeking interrogatories in this case is to obtain such information as is within the peculiar knowledge of the defendant and as is essential to the preparation of the plaintiff's case."

It cannot be properly contended that the information

sought by interrogatories numbers 2, 3, 4 and 5 is necessary for the preparation of plaintiff's case. These four interrogatories seek information as to the alleged contributory negligence of the plaintiff. Contributory negligence is a defense and far from being a necessary link in plaintiff's chain of proof, it is an element which defendant must establish by the preponderance of the proof. Therefore plaintiff in interrogatories numbers 2, 3, 4 and 5 is not seeking information necessary to the preparation of his case for trial, but is endeavoring to pry into the case of the defendant.

"The purpose of interrogatories on the other hand is to gain from one's opponent information necessary to establish the case of the party propounding the question. Interrogatories are inadmissible for the purpose merely of prying into the case of one's adversary." *Harris on Pleading* 440, § 439.

In the case of *Cohen* v. *North Jersey Street Railway Co.*, 29 *N. J. L. J.* 299, it was held that defendant could ask plaintiff for information within plaintiff's peculiar knowledge to show contributory negligence. The information thus sought was not an attempt by the defendant to pry into plaintiff's case. It was an endeavor by the defendant to elicit information from the plaintiff which was within the peculiar knowledge of the plaintiff and which was necessary for the defendant to have, in preparing his case.

In *Wigler* v. *Public Service Co-ordinated Transport Co.*, 10 *N. J. Mis. R.* 1077, a demand for a bill of particulars by the plaintiff as to acts of contributory negligence was denied. The court said (at *p.* 1079):

"Where the injured party is a natural living person suing for his personal injuries received in an automobile accident, the contributory negligence, if any, is particularly within his own knowledge. The effect of a bill of particulars being to confine the defendant to the facts contained in the bill, it would be unfair to limit the defendant to such acts of contributory negligence as it might be able to develop before trial when experience teaches that contributory negligence is often revealed on plaintiff's own cross-examination as well as on cross-examination of plaintiff's witnesses. Such practice would put defendant at the peril of discovering and

advising plaintiff of what plaintiff himself is best qualified to know and might enable plaintiff to successfully suppress a complete defense well known to him, though as yet undiscovered by defendant. For these reasons bills of particulars of contributory negligence in actions by living injured persons for their personal injuries in automobile accidents should be ordered with great circumspection."

The motion to strike interrogatories numbers 2, 3, 4 and 5 is therefore granted.

Interrogatory number 1, however, is proper and the motion to strike it is denied. The plaintiff must prove the negligence of the defendant Farrier in order to establish his case against that defendant. Therefore any information which the defendant Horner might possess, which would establish the liability of the defendant Farrier, is necessary for the plaintiff to have in the preparation of his case.

Counsel for defendant Horner contends that interrogatory number 1 is improper among other grounds for the reason that the plaintiff having alleged the negligence of the defendant Farrier presumably must have knowledge thereof. This may or may not be true, but in any event any knowledge possessed by the defendant Horner as to the negligence of Farrier, will naturally strengthen the case of the plaintiff against Farrier. Therefore the plaintiff is entitled to have the benefit of this information in the preparation of his case.

Counsel may submit an order in conformity with these conclusions.