FREDERICK HITCHCOCK, JR., by FREDERICK HITCHCOCK, his next friend and individually, Appellees, v. HARRY GINSBERG, Appellant.

No. 47461.

(Reported in 37 N. W. 2d 302)

MAY 3, 1949.

Lehmann, Hurlburt, Hossfeld, Blanchard & Cless, of Des Moines, for appellant.

Evans, Riley, Duncan, Jones & Hughes, of Des Moines, for appellees.

OLIVER, J.—A personal injury negligence action for burns received by a child from a brush and rubbish fire on defendant's premises, allegedly ignited and left unguarded by his agents and employees. Defendant's answer denied most of the material allegations of the petition.

Plaintiffs filed twenty-three interrogatories inquiring of defendant if he employed persons to clear out and clean said premises, how many, their names and addresses, compensation, instructions, the nature of the hiring agreement, their general occupations, fitness to do the work, prior employment by de-

fendant, where they obtained an inflammable liquid used on the fire, the ownership of a bucket alleged to have contained the liquid, etc.

These were propounded under Rules of Civil Procedure, Rule 121, to enable plaintiffs "adequately to prepare for trial." Defendant objected to one interrogatory. The court overruled the objection. From this interlocutory ruling we granted defendant an appeal.

Division V of the Rules of Civil Procedure entitled Discovery and Inspection contains Rules 121 to 134. Discovery and Inspection are phases of pre-trial procedure. Rule 128 provides the answers to interrogatories may be used only as admissions of the interrogated party or to contradict or impeach his testimony as a witness.

This is the first case in which this court has considered Rule 121. However, Chandler v. Taylor, 234 Iowa 287, 12 N. W. 2d 590, which considered provisions of Division V of Rules of Civil Procedure relative to the production of books and papers, quoted with approval statements that such provisions are remedial, have been given a broad and liberal interpretation and should be liberally exercised. Hickman v. Taylor, 329 U. S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451, states with reference to the Federal rules:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case."

The modern trend has been to broaden the scope of discovery to give litigants access to all the material facts. State ex rel. Iron Fireman Corp. v. Ward, 351 Mo. 761, 173 S. W. 2d 920, 922; Slattery v. Parsons, 17 N. Y. S. 2d 6, 9; Public Nat. Bk. v. National City Bk., 261 N. Y. 316, 185 N. E. 395.

In the case at bar the objection was to interrogatory 3 only, "What were their names and addresses?" (the persons defendant engaged to do the work). The ground of objection was that it required defendant to disclose "the names of witnesses by

whom he will establish his defense in part * * *." Defendant relies upon a provision of Rule 121, "They shall not require the adversary to disclose the names of the witnesses by whom or the manner in which he will establish his case."

F. & M. Skirt Co. v. Wimpfheimer & Bro., 25 F. Supp. 898, 899, refers to the provision of the Massachusetts statute that the party interrogated need not "disclose the names of witnesses", and states, "But here the inquiry is as to who the persons were who conducted the negotiations or procured the order on behalf of the defendant. This interrogatory should be answered."

Watkins v. Cope, 84 N. J. L. 143, 146, 86 A. 545, 547, states:

"The interrogatories * * * should not be used for the mere purpose of prying into the case of his adversary * * * though the party may compel discovery of facts material to his own cause of action, even though the defendant's evidence be incidentally disclosed. * * * So as to the names of employes operating defendant's trolley car on which plaintiff was injured; Dodd v. Public Service Corporation, 29 N. J. L. J. 22."

In the Dodd case, at page 23, the approved interrogatory was, " 'Give the number of said trolley car, the names respectively of the conductor and motorman in charge thereof at that time * * *.' "

State ex rel. Williams v. Buzard, 354 Mo. 719, 727, 190 S. W. 2d 907, 910, states it was not the legislative intent to authorize discovery of matters such as the identity of prospective witnesses found by the opposing party. However, interrogatories asking the names of employees present at the casualty were held proper:

"Certainly it has always been considered proper to show who were the members of a railroad train crew, and what their duties were, in personal injury negligence cases. Likewise we think either party is entitled to know who was the other party's driver, and the identity and duties of any employee with him, in an automobile collision case. Our reports are full of cases in which the names and duties of employees involved in such casualties are stated in detail and if this has ever been questioned

as inadmissible evidence, in any case, we have not found it. We, therefore, hold that defendants should be required to answer Questions 1 and 2."

The interrogatory here in question does not call for the names of defendant's witnesses. It refers only to persons engaged by defendant to perform the acts out of which it is alleged the action arose. That the agents or employees in question may be witnesses for defendant is merely incidental. To permit a party to withhold from his adversary the identities of employees or representatives involved in the transaction in suit would be contrary to the modern concept of discovery. Our Rules were designed to modernize our civil procedure. The language of Rule 121 does not require the backward step urged by defendant and should not be so interpreted. We hold the overruling of defendant's objection to the interrogatory was not an abuse of discretion.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.