KENNETH MYERS, appellee, v. WALLACE STRATMANN, appellant.

No. 48563.

(Reported in 65 N.W.2d 356)

July 26, 1954.

Keith J. Stinson and Leming & Hobson, all of Hampton, and John A. Senneff, of Mason City, for appellant.

Uhlenhopp & Cady, of Hampton, for appellee.

SMITH, J.—Plaintiff claims damages for personal injuries sustained while unloading baled straw and storing it in defendant's haymow. He alleges they were caused by defective appliances furnished by defendant and used in the operation. The merits of the case however are not involved on the appeal.

After issues were joined, plaintiff, under the claimed authority of rule 121, R. C. P., submitted thirty interrogatories, accompanied by an affidavit: "That the knowledge sought to be elicited is within the knowledge and is accessible to defendant * * *; that the answers * * * are to enable the plaintiff * * * to adequately prepare for trial; that the answers thereto would greatly facilitate the trial * * * and would greatly aid in the full and proper preparation for trial;

"That * * * the purposes of the various interrogatories are to compel disclosure of material facts within defendant's knowledge, and to obtain admissions as provided by the Iowa Rules of Civil Procedure."

Fourteen of the thirty interrogatories are involved here. Twenty-three were objected to but of the twenty-three objections eight were sustained and one waived. Defendant urged the same objection to each interrogatory: "That it is in violation of

1062

Rule 121 * * * in that by [it] plaintiff is undertaking to determine the manner in which the defendant will establish his defense, and it is wholly unnecessary * * * in order for the plaintiff to prepare for trial, and it is perfectly apparent the plaintiff would know as much about the situation as would defendant."

Defendant, having sought and obtained leave, has appealed from the ruling denying his objections to interrogatories 3, 4, 6, 7, 9, 10, 11, 12, 13, 17, 18, 19, 20, and 22. These interrogatories (with exception of two referred to later herein) are of two kinds. Interrogatories 3 and 4 seek defendant's version of a supposed conversation between the parties prior to the day of the accident. The others call for various facts such as a description in detail of the instrumentality used, the type of carrier, its function and normal mode of operation, whether a ladder was furnished for getting on and off the load, and various measurements of locations and distances of hayrack, carrier and barn.

I. So far as material here rule 121, R. C. P., permits interrogatories "if they are necessary to enable the interrogating party adequately to prepare for trial." It provides further: "They shall not require the adversary to disclose the names of the witnesses by whom or the manner in which he will establish his case."

We have heretofore considered this rule in but two cases, Hitchcock v. Ginsberg, 240 Iowa 678, 681, 37 N.W.2d 302, 304, and Nehring v. Smith, 243 Iowa 225, 229, 49 N.W.2d 831, 833. The first concerned injuries received by a child from a brush and rubbish fire on defendant's premises, allegedly ignited and left unguarded by defendant's employees. We held inquiries as to the number of the employees, their fitness to do the work and their names and address did not offend the rule forbidding requiring the names of defendant's proposed witnesses, since the fact that the employees "in question may be witnesses for defendant is merely incidental."

In the Nehring v. Smith case the administratrix of the injured person sought recovery for her intestate's death from injuries received while a guest in defendant's car, allegedly driven in a reckless manner. The inquiries submitted to the defendant driver sought information as to the place of collision

when he first saw the other car, the course of his own car and similar details. We held the interrogatories "necessary" to enable the administratrix "adequately to prepare for trial" within the purview of rule 121.

There is no analogy between the situation in these cases and the situation here. There is however language in both that must be considered in construing the rule for present purposes. Both concede "the modern trend has been to broaden the scope of discovery to give litigants access to all the material facts", citing State ex rel. Iron Fireman Corp. v. Ward, 351 Mo. 761, 173 S.W.2d 920, and other cases; and both emphasize that the rules as to discovery are to be liberally interpreted.

As pointed out in the Nehring v. Smith case the word "necessary" as used in a statute may be considered as analogous to "expedient" or "appropriate." See also 28 Words and Phrases (Perm. Ed.) title "Necessary" where will be found cited definitions running the gamut from absolute indispensability to mere convenience, depending on the context. But whatever adjective may be used there must be considered the purpose—"adequately to prepare for trial." As said in Nehring v. Smith, supra, at page 229 of 243 Iowa, the word "adequately" broadens the meaning of the word "necessary." The rule is of course for the benefit of the interrogating party but we still have to determine the nature and extent of the benefit he is permitted to derive. The rule expressly forbids inquiry as to the "manner" in which the adversary will "establish his case." And in Hitchcock v. Ginsberg, supra, at page 680 of 240 Iowa, we cite Watkins v. Cope, 84 N. J. L. 143, 146, 86 A. 545, 547: " 'The interrogatories * * * should not be used for the mere purpose of prying into the case of his adversary.' "

II. Plaintiff would have us construe rule 121 as equivalent to Federal rule 33. This we cannot do. It has been properly pointed out that in the Federal rule "practically speaking, the only limitation is that the evidence [sought to be elicited] be relevant and not privileged" and that our Rules Advisory Committee deliberately decided not to go so far. 2 Cook, Iowa Rules of Civil Procedure (Rev. Ed.), page 2, Author's Comment on rule 121.

But even as to the Federal rules pertaining to discovery the United States Supreme Court has warned that "various safeguards have been established to preclude unwarranted excursions into the privacy of a man's work" though "at the same time, public policy supports reasonable and necessary inquiries." The opinion adds: "Properly to balance these competing interests is a delicate and difficult task." Hickman v. Taylor, 329 U. S. 495, 497, 67 S. Ct. 385, 387, 91 L. Ed. 451, 455.

■ ■ The theory underlying plaintiff's argument is perhaps best summarized in his words: "The phrase 'adequately to prepare for trial' means that a party should know the exact position that his adversary is going to take on the various issues in the case and on the various points which he must prove. This is exactly what preparation for trial means: It means the learning of what one has to prove at the trial. This matter of proof concerns interviewing witnesses, obtaining exhibits, etc." He argues: "To have adequate preparation for trial, a party must know what his adversary is going to claim."

We cannot agree that "preparation for trial" as contemplated by the rule means all that is implied in this argument. Plaintiff presumably pleaded the ultimate facts he expected to prove. The evidence and witnesses are not peculiarly in defendant's knowledge. Plaintiff was present and knows what happened as well as the other witnesses present. He had "access to all the material facts." To prove his case he need not know how defendant will testify. The rule not only forbids inquiry as to the adversary's witnesses but also pointedly protects "the *manner* in which he will establish his case."

Plaintiff argues that "discovery means the learning and disclosure of facts from another." Webster says "discover" means "To obtain for the *first time* [emphasis supplied] * * * knowledge of, as of a thing existing already, but not perceived or known." The *unknown* fact sought to be discovered by these interrogatories was, by plaintiff's own argument, "what his adversary is going to claim." We think the objections to all fourteen interrogatories except Nos. 12 and 13 should have been sustained.

■ III. It is proper to keep in mind that (as conceded by plaintiff in argument) the purpose of interrogatories is not to

produce "evidence for the record." At one point in his brief he seems to imply or assume rule 128 has some bearing on the *purpose* of interrogatories.

That rule does not purport to define the *purpose* of interrogatories. It merely provides that the answers may be used to contradict or impeach the testimony of the interrogated party or as admissions by him. As said by the Advisory Committee, rule 128 illustrates that the purpose "is not to produce evidence for the record, but information to enable the party to prepare for trial." 2 Cook, Iowa Rules of Civil Procedure (Rev. Ed.), page 13 (Advisory Committee Comment).

IV. We earlier excepted two interrogatories from our discussion. Interrogatory 12 was as follows: "Prior to the day of the accident in which the plaintiff was hurt, to your knowledge, had the carrier ever failed to work properly?" And No. 13 inquired whether "prior to the time when plaintiff was injured, to your knowledge, had the carrier ever prematurely released?"

We think these two questions were properly permitted within the purview of rule 121 as we have interpreted it. They seem to require disclosure of facts peculiarly within defendant's knowledge and presumably not known by plaintiff. They exactly meet the test of "discovery" which the twelve interrogatories heretofore discussed failed to measure up to. It is not necessary to repeat the discussion.

In conclusion it is proper to point out that various jurisdictions have different statutes or rules concerning discovery by submission of interrogatories. Cases from other jurisdictions afford us no assistance unless there be a similarity of rule or statute.

We think a fair interpretation of our own rule 121 requires a reversal here as to all interrogatories involved on appeal except Nos. 12 and 13. As to the latter the decision of the trial court should be upheld. It is so ordered.—Reversed in part and affirmed in part.

GARFIELD, C. J., and OLIVER, WENNERSTRUM, MULRONEY, HAYS, THOMPSON, and LARSON, JJ., concur.

BLISS, J., takes no part.