MARY I. REEVES, administratrix of estate of TROY RAY REEVES, deceased, appellee, v. K. H. PENALUNA dba PENALUNA TRANSFER COMPANY et al., appellants.

No. 48574.

(Reported in 66 N.W.2d 864)

NOVEMBER 16, 1954.

Brown, Dresser & Kinsey, of Mason City, and O'Conner, Thomas, McDermott & Wright, of Dubuque, for appellants.

Uhlenhopp & Cady, of Hampton, and Wisdom & Sullivan, of Des Moines, for appellee.

HAYS, J.—The sole question presented on this appeal concerns rule 121, R. C. P.

Plaintiff's petition alleges that at about 10:30 p.m., December 22, 1952, deceased was directing traffic with a flashlight on Highway No. 20, due to several cars being stalled on the highway. Deceased was standing on the left side of a truck stopped in the right lane (it was proceeding west), but both the truck and deceased were to the right of the center of the paved highway; that defendant Green, driving a truck owned by defendant Penaluna (proceeding east), negligently drove the truck against deceased by reason of which he was injured and died. Nine specifications of negligence are alleged, including failure to turn to the right when passing the deceased, lack of control of truck, improper lookout, excessive speed, failure to keep on the right side of center of the highway when passing deceased. Defendants' answer was in effect a general denial. Plaintiff then propounded numerous interrogatories to defendant. Objections were filed, which, after hearing, were overruled, and defendant Green was ordered to answer. Interrogatories Nos. 12 to 28, inclusive, are involved. Permission to appeal was granted as provided by rule 332, R. C. P., and the correctness of such ruling is the basis of this appeal.

The interrogatories in question are all of a similar nature. They ask when defendant Green first saw deceased; where he was at the time; were his brakes applied, and, if so, when; speed of his truck when he first saw deceased; where the truck was with reference to the center of the highway when he first saw the deceased; where it was when he hit the deceased; condition of highway as to its being ice covered.

The interrogatories were ostensibly filed under the provisions

of rule 121, R. C. P. This rule appears under Division V, Rules of Civil Procedure, entitled Discovery and Inspection. It provides that interrogatories may be filed to be answered by his adversary, if they are necessary to adequately prepare for trial. It also states that such interrogatories shall not require the disclosure of the manner in which such adversary will establish his case.

Rule 121, R. C. P., has been before this court three times. Hitchcock v. Ginsberg, 240 Iowa 678, 37 N.W.2d 302; Nehring v. Smith, 243 Iowa 225, 49 N.W.2d 831; Myers v. Stratmann, 245 Iowa 1060, 65 N.W.2d 356. These cases recognized the trend that the rules as to discovery are to be liberally interpreted.

Appellee relies upon our pronouncement in Nehring v. Smith, supra, where interrogatories along the same vein as the instant case were held proper. That case involved an action for damages for the death of an occupant of defendant's car and was brought under section 321.494, Code of 1950. The objections to the interrogatories were sustained. On the trial, there was a directed verdict due to a lack of evidence as to recklessness of the defendant driver. In reversing the case and holding that the interrogatories should have been answered, we said that sufficient necessity for answers appears from the petition, answer, interrogatories, *and the admitted fact that the only occupant of defendant's car other than the driver was killed.* Dire necessity in the furtherance of justice demanded such a holding.

The instant case reveals a different situation. It is apparent from a reading of the petition that parties other than deceased and defendant were present and witnessed the happening. We think our pronouncement in Myers v. Stratmann, supra, is determinative.

There, as here, counsel argues that "discovery means the learning and disclosure of facts from another." There, as here, counsel argues "to adequately prepare for trial, a party must know what his adversary is going to claim." There, as here, counsel "presumably pleaded the ultimate facts he expected to prove"; and there, as here, it is apparent witnesses were available to plaintiff to establish his case.

Throughout appellee's argument it is contended that the

more liberal rule of Federal procedure should be adopted in construing rule 121, R. C. P. This we refused to do in the cited case.

To adopt appellee's theory is to entirely overlook and abdicate rule 141, R. C. P., which governs depositions of adversaries. Under this record, while ostensibly based upon rule 121, R. C. P., we think the effect is to take the deposition of an adverse party contrary to rule 141, R. C. P. If the broad interpretation of rule 121, R. C. P., asked by appellee, is to be adopted, it should be done by change of the rule.

■ Interrogatory No. 12 states: "Did a truck, which was being operated by you, strike a person at approximately 10:30 p.m. on the 22nd day of December, 1952, on a hill on Highway No. 20 in Dubuque County, State of Iowa?" This interrogatory, under the rule announced in Hitchcock v. Ginsberg, supra, 240 Iowa 678, 37 N.W.2d 302, should be answered. The rest of the interrogatories are improper under our pronouncement in Myers v. Stratmann, 245 Iowa 1060, 65 N.W.2d 356.

As to Interrogatory No. 12 the ruling of the trial court is affirmed. As to Interrogatories Nos. 13 to 28, inclusive, the ruling is reversed.—Reversed in part and affirmed in part.

BLISS, OLIVER, WENNERSTRUM, MULRONEY, THOMPSON, and LARSON, JJ., concur.

GARFIELD, C.J., dissents.

SMITH, J., takes no part.