FRANK H. HARDENBERGH, administrator of estate of Clair F. Hardenbergh, appellee, v. DARRELL E. BOTH et al., appellants.

FRANK H. HARDENBERGH, administrator of estate of Billie Jean Hardenbergh, appellee, v. DARRELL E. BOTH et al., appellants.

No. 48778.

(Reported in 73 N.W.2d 103)

154

November 15, 1955.

Peterson, Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellants.

Harold DeKay, of Atlantic, for appellees.

BLISS, J.—The factual matters of these proceedings must be found in the pleadings, the interrogatories and the objections thereto, the ruling on the objections, the application to this court for an interlocutory appeal and the resistance thereto.

The petitions, we assume, are substantially the same with respect to the allegations of recklessness, although the petition in the printed record, before us, is in behalf of the estate ·of Clair F. Hardenbergh. It alleges that: on and prior to May 24, 1953, Darrell E. Both was the "owner of record" of a certain Ford automobile, although the actual owners were Paul M. Both and his wife, Tena; on said date, with the knowledge and consent of Paul and Tena, the said Darrell, with Clair F. Hardenbergh, as his guest and passenger, at approximately one o'clock in the morning, was driving said automobile on Highway No. 64 from Neola, Iowa, into the town of Minden, Iowa, at which place, by his reckless and heedless operation, he wrecked the automobile and thereby inflicted injuries on said Hardenbergh, causing his death within two hours afterward. The petition alleged reckless operation of the automobile by said defendant at an excessive rate of speed beyond his control, on a dark night, over a road with many curves and grades, without care, heed or concern for consequences to persons or property, and in such manner that the automobile left the pavement on the left-hand side of the main street in Minden and collided with and tore the bark off a large tree, and continued for a further distance of about two hundred feet where it crashed against a tree completely wrecking the automobile, thereby causing the death of Clair Hardenbergh, who was free from any negligence contributing to his injury. The petition alleged that Hardenbergh was twenty-four years of age, economical, healthy, married, and earned and was capable of earning money and accumulating an estate. Judgment was asked for $51,390.

The trial court ordered Interrogatories Nos. 2, 5, 6, 7, 9, 10, 11, 16 and 17 to be answered by Darrell E. Both, within twenty days from the date of the ruling. Speaking of the hearing on the objections to the interrogatories, the court said:

*"At said hearing it was called to the Court's attention that this was one of a series of cases brought to enforce a claimed liability for reckless operation, by passengers in the car, and that following the accident herein the only person who survived was the driver, and that he is the only person having any knowledge of the circumstances leading up to the accident and deaths.* (Italics ours.)

"The Court is familiar with the cases and has had called to his attention all of the cases of the Supreme Court that have sought to interpret the real meaning of Rule 121 and other sections, and finds it difficult, if not impossible, to harmonize the case of Nehring v. Smith [243 Iowa 225], 49 N.W.2d 831, with Myers v. Stratmann [245 Iowa 1060], 65 N.W.2d 356.

"The Court recognizes that the factual matters in the instant case are similar, if not identical, with the matters in Nehring v. Smith where the Supreme Court said in subdivision 4 thereof, 'We think sufficient necessity for answer to the interrogatories appears from * * * the admitted fact that the only occupant of the car other than the driver was killed by the collision.' * * *

"The instant case, it seems to the Court, must be ruled by the decision in Nehring v. Smith, and while certain of the interrogatories as the Court finds are either specifically taken care of by pleadings that are on file or seem to be either immaterial and so not necessary in order to adequately prepare for trial, there are certain of said interrogatories which the Court feels should be answered." (Naming those noted by number above.)

It appears from Interrogatory No. 1 that Billie B. Hardenbergh and Richard Gaylord were also passengers and guests in the automobile in Minden at one o'clock in the morning on May 24, 1953. Referring to the interrogatories which the court required to be answered the record shows as follows:

No. 2 was whether the driver collided with a tree on the north side of Highway No. 64 in the western limits of Minden, Iowa,

at one a.m. of May 24, 1953.

No. 5 was "state your speed at the time just prior to colliding with a tree in Minden."

No. 6 was to state the speed approximately one mile west of Minden.

No. 7. "State what, if any, conversation went on between you and your passenger, Clair F. Hardenbergh, with reference to the speed of your automobile; slowing down for the city of Minden; or any other matter pertaining to the operation of your automobile within the last twenty minutes just prior to the collision?"

No. 9. "Please state your speed at the time you made the turn on Highway 64 and entered the city limits going in an easterly direction at the above described time and place referred to in Interrogatory No. 1?"

No. 10. "Please state whether or not you lost control of your automobile prior to the collision, and if your answer to this question is 'Yes', state where, with reference to the tree described in Interrogatory No. 2, you were at such time with reference to the time and place referred to in Interrogatory No. 1?"

No. 11. "Please state whether or not you applied your brakes prior to the accident, and if your answer is 'Yes', at what point at the above described time and place referred to in Interrogatory No. 1?"

No. 16. "Please state the mechanical condition of your Ford automobile you were operating at the time and place referred to in Interrogatory No. 1?"

No. 17. "Please state whether or not to your knowledge there was any structural failure of the Ford automobile which you were operating at any time, just prior to the collision?"

These interrogatories to which the defendants-appellants objected were identical in substance or very similar in kind to those which this court, in Nehring v. Smith, 243 Iowa 225, 49 N.W.2d 831, held were proper under like circumstances.

Application for an interlocutory appeal was made to, and granted by, this court. Resistance filed to this application is as follows:

"Comes now the plaintiff in the above captioned actions and states that the facts and circumstances of both actions are sim-

ilar and that one action is for the wrongful death of a young husband and the other an action for the wrongful death of the young wife, except, that, while it does not so far appear in the record, the defendant, Darrell E. Both, was the sole surviving person from the accident in which the cause arises.

"1. That this action was very similar to the accident in Nehring v. Smith, 243 Iowa 225, 49 N.W.2d 831, in that it is a guest case bottomed on recklessness and that all of the occupants of the car, except for the defendant driver, were killed upon impact, except for Clair F. Hardenbergh, who died without regaining consciousness and within two hours later. That there were no eyewitnesses to the accident. That this case is clearly within the provision of the Nehring case, and not within the scope of Reeves v. Penaluna [246 Iowa 77], 66 N.W. 2d 864, which turns on the fact that there are other witnesses to prove the recklessness of the defendant."

The objections to the interrogatories are as follows:

"1. Each of said interrogatories seeks to determine the manner in which defendant will establish his case.

"2. Each of said interrogatories is an attempted discovery which is not permitted by the Iowa Rules of Civil Procedure.

"3. Each of said interrogatories seeks to produce evidence for the record in the above case.

"4. None of said interrogatories seeks to require disclosure of facts peculiarly within defendant's knowledge.

"5. None of said interrogatories seeks to require disclosure of facts not known by the plaintiff."

After the hearing on the interrogatories and the objections, the trial court denied the objections as having no merit with respect to the interrogatories, set out above. We are in accord with this ruling.

I. As stated in 27 C. J. S., Discovery, section 1, page 5, "The term 'discovery' has several shades of meaning, but in the sense in which it is most commonly used discovery is the disclosure by defendant of facts, deeds, documents, or other things which are in his exclusive knowledge or possession, and which are necessary to the party seeking the discovery as a part of a cause or action pending, or to be brought in another court, or as evi-

dence of his rights or title in such proceedings." See also 17 Am. Jur. (Discovery and Inspection) 5, 6.

Its enforcement was an original and inherent power of a court of equity. Originally, discovery, in the prosecution of a cause of action or the defense to it, was available to either party only by a bill in equity. Professor Langdell in his Equity Pleading, 242, said: "A plaintiff, in equity, is entitled to the benefit of all evidence in the defendant's possession which will aid him in proving the allegations and charges in the bill, whether such evidence consists of his personal knowledge, or be contained in documents and writings."

Later the result was accomplished by statutory proceedings to inspect property or instrumentalities involved, or books and papers and the like, bills of particulars, and by interrogatories. Still later, in many states, including Iowa, these various procedures were provided for by Civil Rules of Procedure. The equitable action to obtain a bill of discovery was long since abrogated by these later proceedings except as to certain definitely prescribed matters. Winneshiek County State Bank v. District Court, 203 Iowa 1277, 1280, 212 N.W. 391; Independent Order of Foresters v. Scott, 223 Iowa 105, 118, 272 N.W. 78. While these procedures in their operation and interpretation follow in general the basic principles of discovery in equity, it is said in Johnson v. Bugle Coat, Apron & Linen Service, 191 Md. 268, 278, 60 A.2d 686, 690: "* * * the new rules furnish means for discovery, at law or in equity, which are broader than the former inherent equity jurisdiction."

These different procedures in Iowa for the purposes of discovery are bottomed on the old equity practice. In Grand Lodge A. O. U. W. v. Webster County District Court, 150 Iowa 398, 401, 130 N.W. 117, 119—an action to produce records and documentary evidence in its possession—the court said concerning said production: "It is proper to consider the purpose and scope of this statute * * *. It is a development of the old equity practice permitting a bill of discovery of the facts in the knowledge of an adverse party or of deeds or writings, or other things, in his custody or under his control, for the purpose of enabling the party asking therefor to prosecute or defend an action.

Townsend v. Lawrence, 9 Wend. (N. Y.) 458. And, being analogous to such equity practice, it may be construed in the light of the rules governing it. The evident purpose and design of the statute is to furnish a litigant a speedy and summary way by which under the order of the court he may obtain written evidence material to his action or defense which is in the possession and control of his adversary. The statute itself says that the petition must state the facts expected to be proved by such books and papers, and must show wherein they are material. It is manifest, therefore, that the facts expected to be proved by such books and papers must be shown to be material to the petitioner's action or defense. This seems to be very clear from the language of the statute itself, and it seems equally as clear to us that the statute does not require the adversary to disclose the evidence upon which he relies in his action or defense. This is the construction that has generally been given similar statutes."

In Dunlop v. District Court, 214 Iowa 389, 395, 239 N.W. 541, 543, the court said: "Furthermore, the statutory proceeding for the production of material papers is 'analogous to the equity practice' under a bill of discovery."

The statutory provision for making a pleading more specific is grounded in the same thought. In Dorman v. Credit Reference & Reporting Co., 213 Iowa 1016, 1026, 241 N.W. 436, 441, it is stated: "Appellant is entitled to know the ultimate facts upon which appellee relies, in order that he may be prepared for trial. * * * All of these matters are essential to a proper statement of the cause of action and the speedy administration of justice."

II. It is the rule in Iowa and in all jurisdictions that the various procedures and provisions for discovery should be interpreted broadly and liberally to effect their purpose. In Hampton Clinic v. District Court, 231 Iowa 65-71, 300 N.W. 646, the proceeding was for the production of hospital records and papers, which the court granted. On page 68 of the Iowa report this court said: "The statutes providing for the production of books and papers are remedial and should be liberally exercised. As stated in Travelers Insurance Co. v. Jackson, 201 Iowa 43, 46, 206 N.W. 98, 99: 'We have given a broad and liberal interpre-

tation to that statute.'" The opinion in Hampton Clinic v. District Court, supra, quoted from the language of Justice Beck in Schroeder v. Chicago, R. I. & P. Ry. Co., 47 Iowa 375, 379, in part as follows: "'Whoever is a party to an action in a court, whether a natural person or a corporation, has a right to demand therein the administration of exact justice. This right can only be secured and fully respected by obtaining the exact and full truth touching all matters in issue in the action. If truth be hidden, injustice will be done. The right of the suitor, then, to demand the whole truth is unquestioned; it is the correlative of the right to exact justice.'"

Other authorities upholding this rule of liberal construction are: 27 C. J. S., Discovery, section 11, page 21; Reeves v. Penaluna, 246 Iowa 77, 79, 66 N.W.2d 864, 865; Hitchcock v. Ginsberg, 240 Iowa 678, 679, 37 N.W.2d 302, 303: "The modern trend has been to broaden the scope of discovery to give litigants access to all the material facts."; Chandler v. Taylor, 234 Iowa 287, 296, 12 N.W.2d 590; Hickman v. Taylor, 329 U. S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451; Nehring y. Smith, 243 Iowa 225, 228, 229, 49 N.W.2d 831; Myers v. Stratmann, 245 Iowa 1060, 1063, 65 N.W.2d 356; State ex rel. Iron Fireman Corp. v. Ward (Judge), 351 Mo. 761, 766, 173 S.W.2d 920, 921, 922: "We think these statutory provisions should be liberally construed. The modern trend has been to broaden the scope of discovery to the end that litigants may have the opportunity to ascertain and present at the trial all the material facts not protected by privilege."

In Neske v. Burns, 8 N. J. Misc. 160, 161, 162, 149 A. 761, 762, it is said: "The purpose of interrogatories is to supply a party with information which is within the peculiar knowledge of his adversary and which is essential to the preparation of his case for trial. The rule permitting interrogatories, having as its object the prevention of surprise at the trial, will be liberally construed. Assets etc. Assn. v. Exposito, 94 N. J. Eq. 708, 121 A. 296. Further, the purpose of interrogatories is to gain from one's opponent information necessary to build up the case of the party presenting them. Watkins v. Cope, 84 N. J. Law 143, 86 A. 545. * * * When certain information which is within the peculiar

knowledge of the adversary is necessary to help a party in sustaining the burden of proof, the party may request such information through the service of interrogatories. * * * The burden of sustaining negligence by an employee of the defendant is cast by the pleadings upon the plaintiff. The information desired is within the peculiar knowledge of defendant. The plaintiff is entitled to have the information for the purpose of preparing his case. In this connection it should be noted that the relevancy of certain facts to a party's cause of action makes their discovery through interrogatories proper *even though the answer would incidentally disclose the other party's evidence.* Pomeroy's Equity Jurisprudence (1st Ed.) section 201." [Italics ours.]

"In an action for negligent injury, defendant pleaded contributory negligence. The burden was on defendant to prove it, unless plaintiff's case showed contributory negligence on its face. The defendant could ask plaintiff for information within plaintiff's peculiar knowledge to show contributory negligence. Cohen v. North Jersey Street Railway Co., 29 N. J. L. J. 299."

An able discussion on discovery by interrogatories is found in Loft, Inc. v. Guth, 21 Del. Ch. 361, 370, 371, 372, 191 A. 879, 883, 884. Speaking of the equal right of either party to discovery by interrogatories, the Chancellor said:

"Since the right to discovery is founded in the justice of compelling one party to furnish to the other information in his possession which the other needs in sustaining his own case, it is difficult to see wherein the position of the parties as complainants or defendants in the cause can have any differentiating effect upon the extent of liberality with which each is respectively entitled to exercise the right. * * *

"Very often it happens that the case of each of the parties rests upon evidence which is common to both. In that situation, discovery is of facts lying in the common field available to either party. In point in this connection is Wigram's language at *star page* 91 of his book [Law of Discovery], which is as follows: 'It seems clear, that this right of a plaintiff to discovery in support of *his own case* is not abridged, as to any particular dis-

covery, by the consideration that the matter of such particular discovery may be evidence of the defendant's case in common with that of the plaintiff.' [Italics Wigram's. End of quote.]

"The same thought which is thus expressed by Wigram may be stated as follows—the only discovery which the interrogated party may refuse to make is that which relates exclusively to his own case. Whately v. Crowther, 51 Al. & Bl. 709, 119 Eng. Reprint 645; Bidder v. Bridges, 29 Ch. Div. 29; In re Baker (D. C.) 13 F.2d 413.

"It accordingly follows that the interrogating party is entitled to the discovery of evidence 'material to his own case even though the interrogated party's evidence may thereby be incidentally disclosed.' 1 Pomeroy, Equity Jurisprudence, (4th Ed.) §§201, 207. See also Daniel's Chancery Practice, *star pages* 580, 1831; 9 R. C. L., p. 174, §13. * * *

"Under those principles, facts and documents which are common both to the support of the complainant's case and to the defense of the defendant, may be the subject of inquiry addressed by either party to the other."

In the same opinion (Loft v. Guth) the defendant wished to go into the books of the plaintiff, and directed their interrogatories to that purpose. The Chancellor said at page 375 of 21 Del. Ch., at page 885 of 191 A.:

"The complainant responds to the defendant's request by saying—why, I propose myself to use those books and records for evidential purposes, and, if so, you should not be allowed to see them. Must the defendants rely on the complainant to produce all the books and records on its side of the case sufficiently to develop therefrom not only all that the complainant desires but as well all that the defendants need?

"It does not seem right that they should. The case of the complainant and the defense of the defendants so far as proof is concerned, are spread over a field of evidence which both occupy in common. Combe v. City of London, 4 Y. & C. Ex. 139, 160 Eng. Reprint 953. * * *

"The complainant's solicitors at several points in their brief make the contention that the production prayed for ought not to be granted because the interrogating party has other

means of proof and so does not need the aid of the requested books, etc. *It is not necessary to show as a prerequisite to discovery that the interrogating party has no other witness or evidence to establish the facts of which discovery is sought; he is entitled to it if it be merely cumulative.* Story, Equity Pleading (10th Ed.) §324*a*; 1 Pomeroy, Equity Jurisprudence, (4th Ed.) §191, p. 264; 18 C. J. 1058." (Italics ours.) Page 379 of 21 Del. Ch., page 887 of 191 A.

In Colvocoresses v. Wasserman Co., 25 Del. Ch. 70, 73, 74, 13 A.2d 439, 441, complainant filed a bill for discovery, exceptions to which were overruled. The Chancellor, after stating the quotation from Langdell's Equity Pleading, hereinbefore set out, said:

"*There may be some exceptions to this general rule, which need not be considered, but it usually applies whether the complainant cannot otherwise prove the facts which he seeks to have discovered, whether he wishes to use them in aid of other proof, or whether he seeks discovery in order to avoid expense or delay in otherwise procuring proof to establish his case.* Bray on Discovery, 1. In other words, discovery, when permissible, is not limited to what the party seeking it does not already know, but includes the procuring of admissions of anything which the complainant has to prove in an issue between himself and his opponent. Bray on Discovery, 2. The complainant's rights, in this respect, are confined, however, to such material facts in the possession of the defendant, and whether documentary or otherwise, as in some way relate to complainant's own case [citing authorities]. * * *

"But the complainant's right to discovery is not affected, though such material facts or documents may likewise be material to the defendant's case. Loft, Inc. v. Guth et al., 21 Del. Ch. 361, 191 A. 879. The same seems to be true of documents or other evidence which will merely tend to impeach the defendant's case. Bray on Discovery, 459; * * *. These principles are recognized by and incorporated in Rule 34 of this court. See Loft, Inc. v. Guth et al., supra. That rule provides that the Chancellor '* * * may make all such orders as may be appropriate to enforce answers to interrogatories, or to effect the inspection or

production of documents in the possession of either party, and containing evidence material to the cause of action or defense of his adversary.' "

This rule 34, just above, corresponds to rule 121 of the Iowa Rules of Civil Procedure under which plaintiff-appellee in the instant appeal sought discovery by his interrogatories.

In Rosseter v. Farrier et al., 18 N. J. Misc., 355, 356, 357, 358, 13 A.2d 579, 580, plaintiff sued defendants to recover damages for personal injuries received in an automobile collision. Defendants alleged contributory negligence on the part of plaintiff in four respects. Plaintiff submitted five interrogatories, the last four of which inquired as to the respects in which he was contributorily negligent. The court sustained the motion to strike these requests because they called for information not necessary in the preparation of plaintiff's case but was an attempt to pry into the case of defendants, since contributory negligence was a defense on which defendants had the burden of proof.

But the Chancellor required Interrogatory No. 1 to be answered. It was: "In what manner was the accident in question due to the sole negligence of the operator of the car in which the plaintiff was riding as alleged?"

The court said: " 'The purpose of interrogatories * * * is to gain from one's opponent information necessary to establish the case of the party propounding the question. Interrogatories are inadmissible for the purpose merely of prying into the case of one's adversary.' Harris on Pleading 440, § 439.

"In the case of Cohen v. North Jersey Street Railway Co., 29 N. J. L. J. 299, it was held that defendant could ask plaintiff for information within plaintiff's peculiar knowledge to show contributory negligence. The information thus sought was not an attempt by the defendant to pry into plaintiff's case. It was an endeavor by the defendant to elicit information from the plaintiff which was within the peculiar knowledge of the plaintiff and which was necessary for the defendant to have, in preparing his case." (The Cohen case is referred to in the instant

opinion in a quotation from Neske v. Burns, supra, 8 N. J. Misc. 160 at 162, 149 A. 761 at 762.)

In holding Interrogatory No. 1 to be proper, the court said: "The plaintiff must prove the negligence of the defendant Farrier in order to establish his case against that defendant. Therefore any information which the defendant Horner might possess, which would establish the liability of the defendant Farrier, is necessary for the plaintiff to have in the preparation of his case."

We have referred to and quoted from authorities from other jurisdictions only to show by some particular instances how liberally and broadly discovery procedures of all kinds have been interpreted. But the matter of discovery has been a very troublesome one for the courts. The principle involved is easy of statement but not so easy of application. The eminent Judge Learned Hand of the Second Circuit, in Texas Co. v. Cohen (C. C. A.) 15 F.2d 358, spoke of the subject of discovery generally as one "which, even while it was best understood, was never clear, and which entrapped the best judges and the most seasoned practitioners."

However, the case before us presents no serious difficulty. The Rule of Civil Procedure, chiefly involved is as follows:

"Rule 121. Interrogatories; Time; Nature.

"In actions other than actions in justice court or class 'B' actions in municipal court a party may, after the appearance of an adversary and after filing his own pleading, file in duplicate not over thirty numbered interrogatories to be answered by such adversary, *if they are necessary to enable the interrogating party adequately to prepare for trial.* They may inquire as to the existence, nature, custody, control, condition or location of books or documents. They shall not require the adversary to disclose the names of the witnesses by whom or the manner in which he will establish his case." (Italics ours.)

Rule 128 provides that the answers to interrogatories may be used only to contradict or impeach the testimony of the interrogated witness, or as his admissions.

The kernel in rule 121 is found in the italicized words. They are the guide to the propriety of any interrogatory. We will not attempt to discuss the essentials or the scope of this

guide, but will apply it to the challenged interrogatories. The nature of the particular action is important. Here we have a number of persons riding as guests of one of the defendants, and through the alleged reckless operation of the car by its driver it was wrecked and the driver alone survived. Some were killed by the impact, and one died within two hours after the catastrophe, during which period he was unconscious. The driver alone was in a position and condition to know the facts of the operation of the car at and preceding the final crash. There were no other eyewitnesses.

As we have stated hereinbefore, discovery provisions and procedure are broadly and liberally interpreted and construed, universally and generally. The right and the endeavor of the interrogator are looked upon with leniency and favor by the law and the courts. And this is especially true under the circumstances and conditions noted above. In death cases the interpretation of the rule is more liberal than in those actions in which death is not involved. Lautum Realty Corp. v. Rodgers & Hagerty, 170 Misc. 731, 10 N. Y. S.2d 884. And as said in Wigler v. Public Service Co-Ordinated Transport Co., 10 N. J. Misc. 1077, 1080, 162 A. 878, 879: "Where the injured person is dead and the suit is by his representative, the plaintiff's knowledge, and sources of knowledge, of the conduct of his decedent might be very limited while those of the defendant might be greatly superior or even exclusive."

In the case at bar the knowledge and the sources of knowledge of defendants *are exclusive*. Without the answers to his interrogatories the plaintiff would be effectively hampered, and probably deprived of facts necessary to him to adequately prepare his cases for trial. The cause of action of the plaintiff and the defense of the defendants are connected with the same incident—a succession of continuous reckless acts and omissions. The case of each of the parties rests upon the facts lying in a common field into which each may enter. The record made by plaintiff establishes a prima-facie showing of the necessity of answers to the interrogatories objected to, in order that he may adequately prepare his cases. The modern concept of discovery and justice require that the information sought be made available in order that a fair trial may be had. The record clearly

establishes that the discovery sought is solely in the knowledge of Darrell E. Both and cannot be proved otherwise than by his answers to the interrogatories in question, and is therefore necessary to the ends of justice, and to hold otherwise would be to defeat the purpose of rule 121.

We agree with the conclusion of the able trial court that the conclusions and decision announced in Nehring v. Smith, supra, 243 Iowa 225, 49 N.W.2d 831, were determinative of his rulings. It also rules our opinion in the determination of this appeal, and we reassert our adherence to the controlling thought therein, that rule 121 and other rules of discovery are to be broadly and liberally construed and interpreted to effect their purpose.

The rulings of the district court on the objections to the interrogatories propounded are affirmed.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part.