COMMONWEALTH *vs*. JAMES CAPPELLANO.

Suffolk. April 4, 1984. — August 9, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Severance. *Identification. Evidence,* Competency, Identification.

A judge did not abuse his discretion in denying a defendant's motion to sever the trial of two groups of indictments against him, which arose from separate shooting incidents involving the same victim. [677-678]

At the trial of indictments arising out of a shooting incident, at which the victim declined to identify the defendant as his assailant, extrajudicial statements by the victim as to the identity of his assailant were properly admitted as substantive evidence of the defendant's identity, where the victim's opportunity to observe his assailant at the time of the shooting provided sufficient foundation for the admission of these statements. [679]

INDICTMENTS found and returned in the Superior Court Department on March 13, 1981.

The cases were tried before *John Paul Sullivan,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Andrew Good (John J. Barter* with him) for the defendant.

*Ellen M. Donahue,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant was tried on three indictments charging assault with intent to murder, three indictments charging assault and battery, two indictments charging unlawful possession of a handgun, and one indictment charging assault, all in connection with two shooting incidents, one on November 4, 1980, and the other on January 22, 1981. The trial judge denied the defendant's pretrial motion to sever the trial of the indictments based on the January incident from the trial of those based on the November incident. A jury found the

defendant guilty on all nine indictments. The defendant appealed, and the Appeals Court affirmed. 17 Mass. App. Ct. 272 (1983). We granted the defendant's application for further appellate review. We concur in the result reached and the reasoning used by the Appeals Court. We affirm.

The facts which could have been found by the jury are stated briefly as follows and are set forth more fully in the decision of the Appeals Court. The defendant and one Bradley Carter were longtime friends and business partners. On the morning of November 4, 1980, Carter was awakened in his bedroom by the defendant, who threatened to kill Carter and stated that he believed that Carter and one Brian Morrison were conspiring to kill him. At gunpoint, Carter drove the defendant to Morrison's apartment. Morrison was not at home, but the defendant shot and wounded two other men who were in the apartment, and also threatened a woman who was present. Carter managed to escape unharmed. Carter reported to the police only that his automobile, which he had abandoned at the scene, had been stolen. The defendant eventually turned himself in, was arraigned, and was released on bail. The case was continued until January 29, 1981. On the morning of January 22, the defendant burst into Carter's bedroom and shot him at least eleven times. Carter survived.

1. Prior to trial, the prosecution informed defense counsel that Carter was reluctant to identify the defendant as the assailant in the second incident. The defendant thereupon filed a motion to sever the trial of the indictments arising from that incident, stating that a joint trial would prejudice the defendant because of the strong likelihood that required findings of not guilty would be ordered on the second group of indictments. After hearing, the judge denied the motion.

In his motion for severance and at the hearing thereon, the defendant asserted that he would be prejudiced by joinder of a weak case with a strong case, that is, by the fact that the jury's decision in one case might be influenced by their having heard evidence against the defendant in another case which never reached them. Although the Commonwealth admitted that required findings might be necessary as to the second inci-

dent, the judge could and did conclude that the Commonwealth could reasonably anticipate evidence sufficient for the submission of the case to the jury. Subsequent developments bore out that conclusion: the judge correctly denied the defendant's motion for required findings of not guilty. Thus the prejudice asserted in the motion to sever did not materialize. A motion for relief from prejudicial joinder is addressed to the sound discretion of the trial judge. *Commonwealth* v. *Sylvester,* 388 Mass. 749, 754 (1983). *Commonwealth* v. *Hoppin,* 387 Mass. 25, 32-34 (1982). There was no abuse of that discretion.

The defendant also argued, at the hearing on his motion, that the indictments were not "related offenses" under Mass. R. Crim. P. 9 (a) (3), 378 Mass. 859 (1979), and were thus misjoined. We disagree. The two sets of indictments arose out of a "series of criminal episodes connected together" and thus are "related offenses" within the meaning of the rule. Mass. R. Crim. P. 9 (a) (1), 378 Mass. 859 (1979). The connection is the defendant's apparent desire, in trying to kill Carter on January 22, either to complete what he was thwarted from finishing on November 4, or to eliminate a witness to the events of that date. There was no misjoinder. See *Commonwealth* v. *Sylvester, supra* at 753-758; *Commonwealth* v. *Blow,* 362 Mass. 196, 200-201 (1972).

The defendant relied on insanity as his defense to the first group of indictments and on lack of identification as his defense to the second group. He now argues that these defenses were "mutually antagonistic," in that the assertion of one undermined the credibility of the other, and that therefore joint trial was prejudicial. However, the defendant failed to present this argument to the judge. As far as the judge knew when he ruled on the motion, the defense to both groups of indictments would be insanity. Neither the motion nor defense counsel's argument alerted the judge to the defendant's intent to rely on a lack-of-identification defense with respect to the second incident. Although the judge, during trial, recognized and commented on the difficulty of presenting two contrasting defenses, the defendant never renewed his motion to sever.

2. At trial, Carter declined to identify the defendant as his assailant in the second incident. Certain extrajudicial statements made by Carter naming the defendant as the assailant were admitted as substantive evidence. The defendant argues that, even if extrajudicial identifications would have been admissible in the circumstances, Carter's statements were not identifications because he had no adequate perceptual basis on which to make them. We disagree.

Although Carter testified that the lighting was dim, he stated that he was able to see his assailant. He testified that the assailant came within two feet of him, and he was able to approximate the assailant's height and weight. He gave a detailed account of the assailant's movements about the bedroom. Carter's statement of his inability, at trial, to identify the defendant as his assailant was as consistent with lack of memory as with lack of perception. Given the evasive manner in which Carter testified, his characterization of his extrajudicial statements as "assumptions" does not require a conclusion that they were based on sheer speculation.

An identification by Carter at trial would have had sufficient foundation to be competent. "A witness may state the result of his observation, although it involves in some measure his opinion or judgment." *Mielke* v. *Dobrydnio,* 244 Mass. 89, 92 (1923). "The identity of a third person always is a matter of inference and opinion, but it is an opinion which any one who remembers facts on which to base the inference may give. . . . It presents a judgment which may vary indefinitely in the degree of its certainty . . . ." *Commonwealth* v. *Kennedy,* 170 Mass. 18, 24 (1897) (Holmes, J.). Thus the admission of Carter's extrajudicial statements was not objectionable on the ground of inadequate perceptual basis. The conditions under which Carter observed his assailant go to the weight and credibility of his identification and do not in these circumstances render his statements inadmissible.

3. The defendant also argues that Carter's extrajudicial statements were not sufficiently adopted at trial so as to be admissible as substantive evidence, and that his motion for required findings of not guilty was erroneously denied. There

was no error. We concur with the reasoning of the Appeals Court on these issues.

*Judgments of the Superior Court affirmed.*